## Case No. 3,913.
### DILLINGHAM v. UNITED STATES.
[2 Wash. C. C. 422.][1]

Circuit Court, D. Pennsylvania. April Term. 1810.

RECOGNISANCE—FORM AND CONDITIONS—BREACH —ACTION FOR—VARIANCE.

1. An action of debt was instituted in the district court, upon a recognisance entered into before an alderman of the city of Philadelphia, in a case in which a party was charged with having beaten a boy so as to cause his death, on board a merchant vessel of the United States, in the harbour of Flushing. The recognisance was in these words and figures: "July 22nd. United States vs. Jasper. Ja. Jasper and S. Dillingham, each tent in $300. for the appearance of said Jasper. * * * Taken by me, R. Wharton," and signed by the parties. The United States had judgment below, and the cause was brought by writ of error, into the circuit court.

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

2. In a recognisance the material parts of the obligation and the condition, should be set forth in the body of it, so as to admit of extension, consistently with the terms of it.
[Cited in U. S. v. Stevens, 16 Fed. 106.]

3. It is essential to a breach of the condition of a recognisance, that the party who is to appear, should be solemnly called before his default is entered, and in an action on the recognisance, it should be clearly proved that the party was called and warned, and neglected to appear.
[Cited in U. S. v. Rundlett, Case No. 16,208.]

4. Query, if the non-appearance of the recognisor can be proved by parol evidence.

5. A material variance between the warrant and the recognisance set forth in the declaration, and that given in evidence, is fatal.

This was a writ of error from the district court. [Case unreported.] It was an action of debt, brought there upon a recognisance entered into before an alderman of the city of Philadelphia, by James Jasper, and Samuel Dillingham, for the appearance of the former, before the said alderman, the morning afterwards, to answer. The words of the recognisance, as it appears upon oyer, are as follows: "July 22d, United States vs. Jasper. Ja. Jasper and S. Dillingham, each tent in 300 dollars for the appearance of said Jasper before me, to-morrow morning at ten o'clock, to answer the within charge, &c., and not depart, &c. Taken by me, R. Wharton." Signed by the parties bound. This recognisance was endorsed upon the warrant issued by the said Wharton, in which the charge was for beating and abusing and cruelly treating a little black boy, called James, of which cruel treatment the said child languished, and shortly after died; the same having happened on board a vessel lying at or near the harbour of Flushing, and sailing under the United States flag. The writ, which appears in the record, is in debt for three hundred dollars. The declaration states, that S. Dillingham was attached to answer on a plea that he render to the United States the sum of six hundred dollars; and then proceeds as upon a recognisance fully drawn out, supplying all the chasms with the forms which were omitted. In setting out the condition of the recognisance, it states it to be, "If one J. Jasper should be and appear before the said Robert Wharton, on the morning of the morrow, then following, at his office, to answer a charge of the said United States, for an offence against the United States, in cruelly, improperly, and illegally beating a little black boy, and abide the order of the said Robert Wharton." The breach is the nonappearance of J. Jasper on the day; whereby action, &c., to demand three hundred dollars. Pleas nil debit and nul. tiel. record.

At the trial, the counsel for the United States offered in evidence the aforesaid warrant, with the recognisance thereon endorsed, and also the evidence of Robert Wharton, the magistrate who took the recognisance, to prove that the said J. Jasper did not appear

before him, the said Robert Wharton, at the time for that purpose appointed by the said paper; upon which evidence the judge charged the jury, that if they, as a matter of fact, were of opinion that the said paper so produced in evidence, was the recognisance and condition mentioned in the declaration, then, that the said several matters so produced in evidence, and proved on the part of the United States were sufficient to maintain the issue on behalf of the United States: to the admission of which evidence and charge, the defendant took a bill of exceptions. The jury found for the United States, and judgment was given on the verdict.

Reed and Sergeant made the following objections to the judgment below: First; variance between the writ appearing in the record, which is for three hundred dollars, and that set out in the declaration, which is for six hundred dollars. Cro. Eliz. 198, 829; 6 Term R. 633. Cro. Jac. 108. Tidd, Pr. 112. Secondly; variance between the recognisance and the declaration; the former stating the charge to be murder, and the latter battery only. Thirdly; the recognisance declared on, is with condition to answer for an offence against the laws of the United States, whereas, the recognisance does not so describe it. On the subject of variance, were cited 1 Ld. Raym. 84; 2 Ld. Raym. 756; [Mandeville v. Riddle] 1 Cranch [5 U. S.] 290; 2 Ld. Raym. 966; [Grant v. Naylor] 3 Cranch [7 U. S.] 229. Fourthly; the magistrate had no right to take bail, to appear before himself de die in diem, but should have committed him until the examination was closed, or given him into the custody of the officer, who might have retained him a reasonable time. Even if in a bailable case, such a recognisance could be taken, still, a state magistrate could not take it in a case where the charge was murder. Section 33, Jud. Law, passed 24th September, 1789 [1 Stat. 91]. Fifthly; it does not appear that the accused was called, or his default entered by the magistrate; and parol evidence, to fix the forfeiture, was improper. Cases cited in support of the fourth objection. 2 Hawk. P. C. 140; 2 Hale, P. C. c. 14, 120; Cro. Eliz. 829.

Dallas, for defendant, cited the case of Com. v. Emery [2 Binn. 431], in the supreme court of this state, to show that recognisances, taken like the present, are good. The warrant is to answer the United States, and this is referred to by the recognisance: besides which, the latter, in the caption, is "The United States v. J. Jasper." The warrant states an assault and battery, as is stated in the declaration; and the consequent death, stated in the former, is no part of the charge. As to the nature of the offence, it might have turned out to be manslaughter, and of course, until the examination, the magistrate could not say that the punishment might be death; and, therefore, he was, in that stage of inquiry, authorized to bail. But, at all events, the law is but directory to the magistrate, and though he take bail where he should not, the recognisance is good. As to the right of the magistrate to take bail, to appear from day to day, this was done in Burr's Case. See his trial, page 3. Cases cited as to taking bail, 2 Hawk. 164, bk. 2, c. 15, § 63; Id. 156, bk. 2, c. 15, § 46.

In reply, was cited 4 Bl. Comm. 200, 201, to show that all homicide is presumed to be malicious, until the contrary appears.

WASHINGTON, Circuit Justice, delivered the opinion of the court.

Many objections have been stated to the judgment of the district court, of which two only will be noticed. It is contended, that an examining magistrate cannot take bail to appear before himself from day to day, and that if he can, still the recognisance must be in regular form, and must be proceeded in as other recognisances are. But in this case, it is said a state magistrate could not take bail for the appearance of the party, either at the court to which the recognisance was to be returned, or before himself, for the purpose of further inquiry into the nature of the offence; because the warrant contains a charge of murder, the punishment of which is capital. On the other side, it is insisted that practice, as well as the reason of the case, sanctions the liberation of the accused, upon bail, until the magistrate shall have decided upon the character of the offence; and that, at all events, the prohibition to the magistrate to take bail, in a capital case, is but directory to him, and that his error in judgment cannot have the effect to avoid the recognisance which he has taken. That the recognisance need not be taken in regular form, but it is sufficient to make a minute of the undertaking, which may extend, and the chasms in form, supplied by the declaration.

Admit the correctness of this argument upon the part of the United States, as to which no opinion is meant to be given, it may safely be laid down, that to avoid rendering a recognisance to appear before the examining magistrate, an anomaly in judicial proceedings, as close an analogy between such a recognisance and the common one to appear at the court to which it is returned, should be observed, as the nature of the case will admit. The material parts of the obligation and of the condition, should be so set forth in the body of it, as to admit of extension, consistently with the terms of it, and the proceedings to establish and to recover for a breach of the condition, should be substantially the same as if it had been a recognisance in common form, to appear before the court where the trial is to be had.

Considering the recognisance in this light, and thus qualified, the judgment in this case is exposed to at least one of the objections taken to it by the plaintiff's counsel, which has not, and we think cannot be obviated, which is, that the forfeiture was not even

proved at the trial to have been legally incurred. For we hold it to be essential to a breach of the condition, upon which the forfeiture is to arise, that the party who is recognised to appear, should be solemnly called before his default is entered; and even if the default can be proved by the parol evidence of the magistrate before whom the appearance was to be, which we very seriously question, it should clearly be proved that the party was called and warned, and neglected to appear. This is far from being a matter of form only, but, on the contrary, it is a humane provision to prevent a forfeiture accruing from the ignorance or inattention of the accused; and if, by the regular proceedings in courts of justice, it has been deemed right to call such person, and to warn him and his sureties of the consequence of his nonappearance, it will not be an easy matter to suggest a reason why this solemnity should be dispensed with by the magistrate, in a case precisely analogous. Mr. Wharton, the magistrate who took this recognisance, proved only that J. Jasper did not appear before him on the day mentioned, and yet, for aught that appeared to the contrary, he might have been present at the office of the magistrate on that day, and failed to make it known from an ignorance of the time and manner of doing it. We understand the meaning of the undertaking to be, that his appearance shall be a legal one, that is, to appear when he is called. We think, therefore, that the district court erred, in the opinion which was delivered to the jury.

It is also the opinion of this court, that there is a material and fatal variance between the warrant and recognisance given in evidence, and the recognisance set forth in the declaration. Connecting those two papers together, which the reference in one to the other renders necessary, the charge which the accused bound himself to appear and answer to, was a cruel battery inflicted upon the boy, of which he languished, and shortly after died; a charge which, if proved, and not palliated by exculpatory evidence, would have amounted to the crime of murder; whereas, the offence stated in the declaration, could not amount to any thing beyond a trespass. The evidence, therefore, being altogether different from the allegation, it ought not to have been received. The judgment, therefore, must be reversed.