## Case No. 15,700.

### UNITED STATES v. McNEAL.

[1 Gall. 387.] [1]

Circuit Court, D. New Hampshire. May Term, 1813.

CRIMINAL LAW—INDICTMENT—VARIANCE.

If an indictment charge the perjury to be committed at the circuit court, held on the 19th day of May, and the record show the court to have been held on the 20th day of May, the variance is fatal.

[Cited in U. S. v. Bornemann, 35 Fed. 826.]

[Cited in Dill v. People, 19 Colo. 469, 36 Pac. 231. Cited in brief in State v. Conley, 39 Me. 85. Cited in Rhodes v. Commonwealth, 78 Va. 696. Cited in brief in Wead v. Marsh, 14 Vt. 82.]

Indictment for perjury [against John McNeal]. The perjury was assigned in swearing at a trial, before the circuit court of the United States, holden at Portsmouth, on the 19th day of May, A. D. 1811, that one Thomas Wilson was not a man of truth, but was reputed and considered as a man of bad character, as to speaking truth, and was not believed; and that his word was not taken nor believed among his neighbors. On producing the record of the trial, it appeared that the circuit court was first holden, in that year, on the 20th day of May, the 19th day of May being Sunday.

Mr. Humphreys, for the United States.
Mason & Webster, for defendant.

Before STORY, Circuit Justice, and SHERBURNE, District Judge.

THE COURT held the variance fatal, and the defendant was acquitted.

## Case No. 15,701.

### UNITED STATES v. McNEMARA.

[2 Cranch, C. C. 45.] [2]

Circuit Court, District of Columbia. June Term, 1812.

INDICTMENT—AVERMENT OF PROPERTY.

An indictment for forcibly taking bank-notes from another, must state whose property they were.

Indictment, that the defendant [Mary McNemara], with force and arms, unlawfully, injuriously, violently, and fraudulently did seize and take from one John Lyon fourteen bank-notes of the value of seventy-five dollars lawful money of the United States and him the said John Lyon, of the said bank-notes did fraudulently, violently, and by open force and violence strip and deprive, to the great loss and damage of the said John Lyon, and against the peace and government of the United States.

THE COURT (FITZHUGH, Circuit Judge, absent) on motion arrested the judgment because it was not stated in the indictment, whose property the bank-notes were.