## PEARSALL v. PHELPS.

1. The declaration described a judgment recovered at ——— in the county of Richmond, in the State of New-York, by and before the Supreme Court of Judicature for said county and State; the exemplification produced, was a judgment rendered by the Supreme Court of Judicature of the people of the State of New-Nork, at the city of Albany.—*Held,* that the record offered in evidence, was not admissible under the plea of *nul tiel record.*

Writ of error to the Circuit Court of Lauderdale.

THIS was an action of debt in the Circuit Court of Lauderdale, at the suit of the defendant in error, against the plaintiff, upon the exemplification of a judgment rendered in a Court of the State of New York.

The cause was tried on the plea of *nul tiel record*, and the defendant excepted to the ruling of the Court, by which it was determined, that the exemplification was admissible evidence under the pleadings. The declaration thus introduces the plain-

tiff's cause of action: "For whereas the said Elisha Phelps, heretofore, to wit, on the 30th day of October, 1836, at —— in the county of Richmond, in the State of New York by and before the Supreme Court of Judicature, for said county and State, at, to wit, in the county of Lauderdale aforesaid, by consideration and judgment of the same Court, recovered against the said defendant" &c. The exemplification offered in evidence, commences as follows: "Pleas before the Justices of the Supreme Court of Judicature of the people of the State of New York, at the capitol, in the city of Albany, of the term of January, 1836." By looking into the record, we learn that the pleadings in the cause in New York, were made up in the Supreme Court of Judicature of that State, sitting at the city of Albany, though the declaration commences thus: "Richmond county, ss. Elisha Phelps, plaintiff in this suit" &c. and the venue is laid in that county. The judgment appears to have been rendered before the Justices of the same Court, was filed on the 13th and signed on the 30th October, 1836.

The transcript is attested by the Clerk of the Supreme Court of Judicature of the people of the State of New York, as a copy from the records of his office, and the Chief Justice of that Court adds his certificate, pursuant to the act of Congress.

McCLUNG, for the plaintiff in error.

COLLIER, C. J.—A distinction, it is said, is established between allegations of matter of substance, and allegations of matter of description. The former, may be proved substantially; the latter, must be proved with great exactness. Pearcell v. Macnamara, 9 Ests. 157; Phillips v. Shaw, 4 B. & A. Rep. 435; Walters v. Mace, 2 B. & A. Rep. 758, '9, 1 Chitty's Plead. 304. That is, it is sufficient to establish an allegation of matter of substance by showing a state of facts, the meaning, and legal effect of which, is in harmony with the matter alleged. But if a party undertakes to set forth a written instrument *in hæc verba*, his averments and proof, must correspond most strictly, and if in the recital, he varies in a word or letter, so as thereby to create a different word, it is fatal. Sheechy v. Mandeville, 7 Cranch's Rep. 208, 217; Commonwealth v. Stow, 1 Mass. Rep. 54; The State v. Coffey, 2 Mur-

phey's Rep. 321. If, however, the instrument is merely described by its substance and effect, there will be no variance, if the proof and the allegations agree in all essential particulars. Thus, in Page v. Woods, 9. Johns. Rep. 82, which was an action against a sheriff for an escape, the declaration alleged a judgment, recovered in the Court of Common Pleas, held at Salem, in Washington county; in the record produced, the place in which the Court was holden, did not appear; this, it was held, was not a material variance, as the law had prescribed the place where the Court should be holden. But where, in a plea of justification, an execution issued by a Justice of the Peace, was described as returnable in ninety days, when it was in fact, returnable in sixty days, the variance was considered fatal: Toof v. Bentley, 5 Wend. Rep. 276. And a similar conclusion was attained, where in an action for maliciously bringing a civil suit and demanding excessive bail, the plaintiff's declaration alleged, that the writ upon which he was held to bail, was returnable on the first Monday of December, 1809, whereas it was in truth, returnable on the first Monday in March: Munns v. Dupont, 3 Wash. C. C. Rep. 31. So in an action against the sheriff on the statute, 8 Ann. c. 14, for taking goods off the premises, without paying rent; the declaration stated, that "by virtue of, and under pretence of a certain writ, of our said lord the King, before the King himself, before that time, sued out, the defendant took," &c. it was held, that a writ issued from the Common Pleas, did not sustain the averment: Sheldon v. Whitaker, Ry. and Mood. Rep. 366; Impey v. Taylor, M. & S. Rep. 166.

Where debt was brought upon a decree in chancery, for £860—12,—1, and the decree was for that sum, with interest from a certain day, to the day of the rendition of the decree, the variance was held fatal: Thompson v. Jameson, 1 Cranch's Rep. 282. See De Kentland v. Somers, 2 Root's Rep. 437; Dillingham v. United States, 2 Wash. C. C. Rep. 422.

In conclusion, upon this point, it may be well to remark, that the general doctrine of variance is very similar, whether applied to a record, specially, or other inferior grade of written evidence; and it may be laid down as a general proposition, sustained by most of the decisions, that when the variance does not change the nature of the writing, so as to render

the one set out, a different instrument in legal contemplation from that offered in evidence, it will not be regarded fatal to the action or defence: Ferguson v. Harwood, 7 Cranch's Rep. 408, 414; Silver v. Kendrick, 2 New Hamp. Rep. 160 ; The Commissioners, &c. v. Muse, 1 Const. Rep. So. Caro. 465, 3 Phil. Ev. C. & H's Notes, 518 to 527.

We have thought it proper to take this brief view of the law of variance, for the purpose of *ascertaining principles by which we might be guided to a correct conclusion in the case before us*; esteeming it safer to rest our judgment upon the approved decisions of other Courts, than to rely upon our own unassisted reasoning.

In the case at bar, it is insisted, that the exemplification offered in evidence, does not correspond with the declaration. The allegation describes a judgment, recovered at————, in the county of Richmond, in the State of New York, by and before the Supreme Court of Judicature for said county and State. The judgment produced, appears to have been rendered by the Supreme Court of Judicature of the people of the State of New York, at the city of Albany. We must look alone to the exemplification, for the purpose of ascertaining in what Court, the judgment authenticated was rendered ; and as a designation of the Court alleged in the declaration, is materially different from that described in the transcript adduced at the trial, we cannot know, that though differently designated, there is in fact but one tribunal. There may be a Supreme Court of Judicature, holden in the county of Richmond, and the natural inference, from the declaration is, that the judgment described, was rendered there; while that produced, appears to have been rendered in the Court holden at Albany. We cannot intend that every thing stated in relation to the county of Richmond, is immaterial, nor are we permitted to reject it as surplusage, for it must be regarded as descriptive of the judgment, and the evidence being defective in this respect, we think it should not have been received by the Circuit Court.

We infer from the exemplification, that it is the practice in New York, to make up the pleadings in the Supreme Court, and send the cause for trial to the county in which the venue is laid, and after the issue is disposed of, to return the cause, with the proper indorsement, that the Supreme Court may

render judgment.   So that in point of fact, as well as law, the judgment is the act of the Supreme Court, and should be declared on as such.

The consequence is, the judgment of the Circuit Court is reversed, and the cause remanded.