## GRIFFIN v. GANAWAY.

1. In an action against a sheriff for failing to levy an attachment on a sufficiency
   of the property of the defendant therein, the declaration alleged that a *venditioni
   exponas* had been placed in the sheriff's hands, requiring him to sell so much of
   the estate which he had been commanded to attach, as was of value sufficient to
   satisfy the judgment and costs rendered in that suit :  *Held*, that so much of the
   declaration as related to the *venditioni exponas*, might, if necessary, be reject-
   ed as surplusage ; and an averment that the plaintiff had sustained damage to a
   greater amount than the debt sought to be recovered, was under the act of 1821,
   equivalent to an averment that the same was unpaid.
2. Where, in an action for failing to levy an attachment on a sufficiency of property
   to satisfy the debt, the declaration correctly describes the proceedings, as to par-
   ties, date of attachment, and amount of judgment rendered therein, the variance
   of *a quarter of a cent* between the description in the declaration and the attach-
   ment, does not authorise the exclusion of the latter as evidence.
3. An action against a sheriff for failing to levy process, cannot be supported by
   proof that the money had been collected by him.

WRIT of error to the County Court of Talladega.

Griffin v. Ganaway.

THIS was an action on the *case*, at the suit of the defendant in error, to recover damages of the plaintiff, for the failure to levy an attachment placed in his hands as sheriff, on the 27th of October, 1841, in favor of the former, against the estate of Shelton Kennerly, on a sufficiency of property to satisfy the same. The declaration, after reciting the proceedings had on the attachment, avers, that, on the 28th of January, 1842, a *venditioni exponas* was regularly issued on the judgment rendered in that case against Kennerly, in favor of the plaintiff below, and was placed in the hands of the defendant, as the sheriff of Talladega, on the 2nd of February next thereafter, commanding him " to sell so much of the estate of said Ganaway, (which, by the aforesaid writ of attachment, he had been commanded to attach and secure, &c.,) as would be sufficient to satisfy said judgment and costs. It is alleged, that Kennerly had in his possession a sufficient estate in the county of Talladega, which the defendant might have attached, to satisfy the demand of the plaintiff; yet the defendant, not regarding his duty, &c., did not, nor would at any time before the return day of the attachment, attach and secure so much of the estate of Kennerly as was of value sufficient to satisfy the debt and costs, &c. To this declaration the defendant demurred, and his demurrer being overruled, he pleaded : 1. The general issue ; 2. *Nul tiel* record ; 3. That the attachment was levied on all the property of Kennerly which, with due diligence, could be found ; 4. The property levied on was perishable, and of value sufficient to satisfy the attachment, but the plaintiff failed to obtain an order to sell the same within a short time after the levy, as he might have done, and by such failure, the property became insufficient to pay the amount for which the attachment issued. Issues being joined on these pleas, the cause was submitted to a jury, who returned a verdict in favor of the plaintiff for ninety-nine 85-100 dollars, and a judgment was rendered accordingly.

On the trial, the defendant excepted to the ruling of the court. The bill of exceptions shows : 1. That the plaintiff read, as evidence to the jury, a writ of attachment, corresponding in date with that described in the declaration, but in which the debt sought to be recovered, appears to be one quarter of a cent more. 2. The court permitted the plaintiff to give in evidence two attachments, issued on the 30th October, 1841, at the suit of

other parties against Kennerly, which appeared to have been satisfied. Further, he read to the jury an entry made on the trial docket of the court, at its term holden in January, 1842, by the defendant, as follows : " Norvell Ganaway v. Shelton Kennerly. Settled in full, 21st December, 1841. D. A. Griffin, sheriff;" although there was a pencil mark drawn through the lines and over the defendant's signature. The judge, in his charge to the jury, excluded from them, for all purposes, except to show a want of due diligence by the defendant, the entry on the trial docket.

S. F. Rice, for the plaintiff in error. The demurrer to the declaration should have been sustained : 1. Because it is not alleged that the *venditioni exponas*, issued for the sale of *Kennerly's* property, was unproductive ; 2. It is not averred positively, that the plaintiff has not been paid his debt and costs, but there is a mere general conclusion that *he is injured, &c.*

The variance between the attachment described in the declaration, and that adduced, was such as to make it inadmissible evidence. [Johnson v. Gray, at this term.] The attachments in favor of the other plaintiffs were irrelevant, and should have been excluded from the jury.

The entry read from the trial docket was foreign to the issues, and should not have been received, even if it had not been obliterated ; and the remark of the judge to the jury, instead of removing the objection to it, places it in a still stronger point of view.

L. E. Parsons, for the defendant in error. The objections to the declaration are unavailable. A general objection to documentary proof, will not be sustained ; but it should be particularized. [Harrison v. Davis, 2 Stewt. Rep. 354.] But the variance between the declaration and attachment is too inconsiderable to have authorized the rejection of the evidence. [5 Johns. Rep. 89.] If the court erred in permitting the entry to be read from the trial docket, the error was cured by what was said to the jury.

COLLIER, C. J.—1. The declaration is not drawn with that technical precision which the plaintiff should always employ in stating his cause of action ; but since the act of 1824, " to regu-

late pleadings at common law," [Clay's Digest, 334, § 119,] has removed all objections, which are merely formal, to the pleadings in a cause, by declaring that, "no demurrer shall have any other effect than that of a general demurrer," we think the declaration was very correctly adjudged to be sufficient. It is not alleged that the attachment was ever levied; this can only be inferred, if at all, from the allegation that a *venditioni exponas* was issued and placed in the sheriff's hands, commanding him to sell so much of the property of the defendant in that suit, (which he was directed to seize and secure by the attachment,) as would be sufficient to satisfy the judgment and costs. The *gravamen* of the charge is, that, although the defendant in the attachment had property in his possession of sufficient value to pay the debt sought to be collected, together with costs, yet the defendant in this action would not, according to the mandate of the writ, levy the same on property sufficient for that purpose, as he might and ought to have done: whereby the plaintiff is injured, &c. To have entitled the plaintiff to recover, it was not necessary that he should have proved that a *venditioni exponas* had been placed in the sheriff's hands. The proof of this allegation was wholly immaterial. It might have been stricken out without affecting, in any manner, the cause of action; and was, therefore, properly disregarded by the circuit court. [1 Saund. Plead. & Ev. 113–4, 340.]

The averment, that the plaintiff was injured, and had sustained damage to a greater amount than that sought to be recovered by the attachment, is equivalent to an allegation that his debt is unpaid, when considered in reference to the influence of our healing statute already cited.

2. The plaintiff did not attempt to set out the attachment *in haec verba*, but merely to describe it by its substance and effect. It is in such case ordinarily sufficient, if the legal identity of the instrument has been adhered to; and there will be no variance, if the writing proved, and that alleged, correspond in all essential particulars. [Pearsall v. Phelps, 3 Ala. Rep. 525; 2 Phil. Ev. C. & H.'s notes, 520—7.] Does the mere difference of one quarter of a cent so materially change the identity of the attachment, when the description, in other respects, is in perfect harmony with the allegation, as not to permit it to be read as evidence to the jury? [Bissell v. Kip, 5 Johns. Rep. 89; Bibbins

v. Noxon, 4 Wend. Rep. 207; Webb v. Alexander, 7 id. 281; Thompson v. Jameson, 1 Cranch's Rep. 282; United States v. Lakeman, 2 Mason's Rep. 229; United States v. McNeal; 1 Gall. Rep. 387; Rex v. Coppard, 3 C. & Payne's Rep. 59; Crane v. Digert, 4 Wend. Rep. 675.] Taking into consideration the correspondence between the declaration and proof, as to the date of the attachment, the parties, and the amount of the judgment thereupon, when rendered, &c., we are constrained to regard the discrepancy, as to the amount of the attachment, wholly immaterial. If the amount of the attachment had been omitted entirely, the declaration would have been sufficient, [Jameson v. Ostrander, 1 Cow. Rep. 670]; but whether, being stated as descriptive of the process, if the variance was material it might be disregarded, it is not necessary to consider. [3 Starkie's Ev. 1542; 1 Saund. on Plead. and Ev. 340, et post; 2 Phil. Ev. C. & H.'s notes, 520—7.]

3. The cause of action, for which a recovery is sought, is, the neglect of the defendant, as sheriff, to levy an attachment, that was placed in his hands, at the suit of the plaintiff, on a sufficincy of property to pay the debt. Would the entry read from the trial docket, even if not erased, or in any manner obliterated, tend to sustain the allegation? We think not. The reasonaable inference from it is, that the defendant in the attachment had " settled " with the plaintiff, or some one else, the demand in suit. Perhaps, it may be intended that, as the entry was made by the sheriff, the money was paid to him, although it does not appear that an execution was placed in his hands, until more than one month thereafter. If the money was received by the defendant, under the authority of process in his hands, it might be recovered upon notice and motion, under the statute; or, if collected without such authority, he would be liable to an action for money had and received. But in neither case would the receipt of the money show neglect in levying the attachment. This view is taken upon the hypothesis, that the obliteration of the entry has no influence on its admissibility as evidence. The charge to the jury upon this point, does not relieve the case from the error in the admission of the evidence. They are informed, if not expressly, at least by necessary implication, that it should be considered by them in determining whether the defendant had not been guilty of neglect, or of the want of due diligence, which is the same thing.

We have seen the evidence did not lead to such a conclusion. For the error, then, in its admission, as well as for the charge thereupon, the judgment of the county court is reversed, and the cause remandad.