Bartley, C. J.
The assignments of error present two questions in this case:
1. Whether the instrument, or writing on a loose piece of paper, .as set forth in the bill of exceptions, is of itself a sufficient and valid recognizance.
2. If not, whether this memorandum of the clerk, aided by the clerk’s oral testimony, and the journal entry of a forfeiture of the supposed recognizance, furnishes sufficient evidence of the existence of a valid recognizance.
A recognizance is an obligation of record entered into before .some court of record, or magistrate duly authorized, conditioned for the performance of some particular act. It is equal in solemnity to, and in some respects at common law takes a priority over, an ordinary bond. A recognizance differs from a bond in this, that while the latter, which is attested by the signature and seal of the obligor, creates a fresh or new obligation, the former is an acknowledgment on record of an already existing debt, with condition to be void on the performance of the thing stipulated, and attested by the record of the court alone, and not by the obligor’s seal and signature. To be a recognizance, it is essential not only that the instrument be in writing, but also that it be a matter of *record. If not actually entered upon the journals or record books, it must be upon the files of the court. It was settled in the •case of Dillingham v. The United States, 2 Wash. C. C. 422, that it is essential to the validity of a recognizance that the material parts of the obligation and the condition should be set forth in the body of it.
*346 "What does the writing offered in evidence on behalf of the plaintiff in this case, as-a recognizance, amount to? It is a brief memorandum of the clerk, relating to the subject-matter of a recognizance. It contains neither the form nor the substance of a recognizance in itself. Neither the name of the cognizee, nor any acknowledgment of any obligation, promise or undertaking on the part of the cognizors is set out. Upon the principle, therefore, that, a recognizance must contain, and express in the body of it, the material parts of the obligation and the condition, this paper can have-no validity as a recognizance : and this deficiency in the instrument, could not be aided by the oral testimony of the clerk, or any entry upon the journal of the court in taking the forfeiture.
On behalf of the plaintiff, it is insisted that the informality and deficiency of the instrument as a recognizance is remedied by the-provision in the 3d section of the statute of 25th February, 1848, which is in the following language, to-wit:
“It shall not be necessary to enter upon the journal of the court any recognizance which shall be taken during the session of the-same; but every such recognizance shall be deemed valid in law, if taken in open court and attested by the clerk of such court.”
This law dispenses with the entry of the recognizance upon the journal of the court; but it does not dispense with the necessity of reducing the recognizance to writing. If not reduced to writing and filed, it could not be an obligation of record. A parol obligation must bear some other name. The plea of nul tiel record, which is always a proper plea to a declaration in debt on a recognizance, would be unavailable against a declaration on a parol undertaking. *The object of this provision of the statute was obviously to relieve the clerks of the courts during the pressure of the business of a session, by allowing them to use blank recognizances, which, when taken and filled up in open court, attested by the-clerk, and filed, should be suficient, without the entry of the same-upon the journal.'

Judgment affirmed.