## STATE *vs.* ROGER W. SUTCLIFFE.

A recognizance was given by A. as principal and B. as surety binding them severally. After default *scire facias* was brought against B. separately.

*Held,* properly brought.

*Held,* further, that the recognizance was properly taken binding the recognizors severally as well as jointly.

On a plea of *nul tiel record* there is no issue for the jury.

EXCEPTIONS to the Court of Common Pleas.

*January* 4, 1889. PER CURIAM. This is *scire facias* on a recognizance given by Josephine Martin as principal and the defendant as surety, binding them severally in the sum of one hundred dollars. The recognizance was given in the matter of an appeal by said Joesphine to the Court of Common Pleas from a sentence upon her pronounced by the District Court of the eleventh judicial district on a criminal complaint. It was defaulted in the Court of Common Pleas and, thereupon, *scire facias* was brought against the defendant severally. When the case came on for trial he moved its dismissal on the ground that the State had brought two actions, one against him and the other against Josephine, and that, if both were prosecuted, they would result in two separate judgments for the full amount and would enable the State to collect the full amount twice, whereas the State should have proceeded against the two jointly or against one or the other separately. The court denied the motion, and the defendant excepted

for error. We do not find any error. Such a recognizance is usually taken from principal and surety both jointly and severally, and when so taken it may be prosecuted either against them jointly, or against them severally and simultaneously, or against either one of them. Gould on Pleading, cap. 4, § 69. There is nothing in the statutes which requires that the recognizance shall be joint and not several. Pub. Stat. R. I. cap. 248, § 24,[1] imports the contrary. " In general," it has been said, " Where a contract is joint and several, if the debt be considerable it is most advisable to proceed separately so that the creditor may thereby retain his legal remedies against each in case of the death of one or more of the parties." 1 Chitty on Pleading, *44. Of course the creditor is entitled to only one satisfaction and when the judgment debt is paid by either party it is paid for both. *Planters Bank* v. *Spencer*, 11 Miss. 305 ; *Sherman* v. *Brett*, 7 Wisc. 139.

The defendant pleaded *nul tiel record* and asked for a jury trial which was refused. The refusal was right. The issue raised by such a plea in a case like this can only be tried by an inspection of the record. The parties cannot put themselves on the country. Stephen on Pleading, *101.                    *Exceptions overruled.*

*Horatio Rogers*, Attorney General, for plaintiff.

*Thomas W. Robinson*, for defendant.

---

[1] As follows :

" SECT. 24. Whenever any person under recognizance shall fail to perform the condition of his recognizance, his default shall be recorded and process shall be issued against the persons bound in such recognizance, or such of them as the attorney general shall direct."