# CHARLESTON.

## STATE *v.* LAMBERT *et al.*

Submitted November 3, 1897—Decided January 26, 1898.

1. SCIRE FACIAS—*Amendment—Recognizance.*

   A writ of *scire facias* on a recognizance is amendable. It answers the function of a declaration. (p. 309).

2. SCIRE FACIAS—*Recognizance.*

   One *scire facias* may issue against two or more cognizors in one recognizance, whether it be joint, or joint and several, or several as to each cognizor. (p. 310).

3. RECOGNIZANCE—"*Commonwealth*" *of West Virginia.*

   A recognizance given in a criminal proceeding in this State, reciting that proceeding, and conditioned for the appearance of the accused to answer it before a circuit court of this State, is valid, though payable to the "Commonwealth" of West Virginia. (p. 309).

4. RECOGNIZANCE—*Surrender of Principal—Evidence.*

   If a surety in a recognizance surrenders his principal to a justice, the failure of the justice to give a certificate of the surrender will not prevent the use of other evidence to prove the surrender. The certificate is not the sole evidence. (p. 310).

5. RECOGNIZANCE—*Default of Principal—Record—Evidence.*

   If the accused fail to appear before a court as required by a recognizance, his default must be entered of record, and that record is the only admissible evidence of the fact. There need be no calling of the sureties to produce their principal, or any entry of their default. (p. 311).

Error to Circuit Court, Hancock County.

*Scire facias* upon a recognizance by the State against

George Lambert and others.    Execution was awarded the state, and Martha B. Grier brings error.

*Reversed.*

JOHN R. DONEHOO, for plaintiff in error.

A. W. ROBERTSON and EDGAR P. RUCKER, ATTORNEY GENERAL, for the State.

BRANNON, JUDGE:

This is a *scire facias* upon a recognizance acknowledged before a justice by Lambert and Grier, conditioned for the appearance of Lambert before a circuit court to answer a charge of felony.    Execution was awarded to the State upon the recognizance, and Mrs. Grier has sued out this writ of error.

Complaint is made that leave was given to amend the *scire facias.*    It is well settled that a *scire facias* is amendable, as it operates as a declaration.    Fost. Sci. Fa 375. But the point intended to be made by the objection to the amendment is that the *scire facias* could not be amended to conform to the recognizance, because of an inherent vice in the recognizance; in other words, that the recognizance is invalid.    The reason alleged for its invalidity is that the cognizors acknowledged themselves to owe the "Commonwealth" of West Virginia, instead of the "State" of West Virginia.    There is nothing in this objection.    It is true that the Code provides that recognizances in criminal cases shall be payable to the State of West Virginia; but I am free to say that a recognizance taken in this State in a criminal proceeding, though it read to the commonwealth of West Virginia, is good.    The word "commonwealth," in such case, is synonymous with the word "State;" and when we see that the recognizance recited a proceeding in a court of West Virginia, and requires appearance before that court, it is very plain what this contract of record, called a "recognizance," meant in this regard.    It meant to secure the State of West Virginia.    And then consider that section 10, chapter 162, Code, says: "No action or judgment on a recognizance shall be defeated or arrested by reason of any defect in the form of the recognizance, if

it appear to have been taken by a court or officer authorized to take it, and be substantially sufficient." I do not consider that, in law, there was any variance from the original *scire facias*.

Another objection against the award of execution is that the demurrer to the *scire facias* should have been sustained because the recognizance was several, and the writ of *scire facias* was against both defendants. A recognizance may be joint and several, or merely several. It is usually several, binding each cognizor in a specific sum. Whether it be the one or the other, one *scire facias* against all of the cognizors may be used, it being understood that it must recite the recognizance as it is, saying whether it is joint and scveral, or joint; and so must the award of execution be joint or several against each, according to the recognizance. I will not here give reasons why one recognizance may be used against two or more cognizors in a several recognizance, but will simply refer to the two cases of *Gedney* v. *Com.* 14 Grat. 318, and *Caldwell* v. *Com. Id.* 698, pointedly deciding this objection against the defendant.

Another assignment of error is in the rejection of two special pleas offered in defense. They averred that the surety in the recognizance surrendered Lambert, the principal, to a justice of Hancock county. I do not see any good reason for the rejection of these pleas. Section 11, chapter 162, Code, gives a surety right at any time to take his principal, and surrender him to certain officials there specified, and its operation is to discharge the surety upon such surrender of his principal to the custody of the law. It is suggested that the reason of the rejection of the pleas was that they do not allege that the justice to whom the surrender was made gave written certificate of the fact, as provided in section 12, chapter 162; but I cannot think that that certificate is indispensable to make the surrender available for the relief of the surety. The act of surrender is an act *in pais*, and need not be attested by record, but proven otherwise. That certificate is intended to afford the surety evidence of surrender, but it cannot be that the failure of the justice to give the certificate can nullify the actual act of surrender.

A brief of counsel for the defendant suggested that the

court acted under the case of *U. S.* v. *Stevens*, 16 Fed. 101; but that book is lost out of the library. I cannot think that it can urge us to decide this point differently against the manifest justice of the case. Judging from the brief, the federal act in that case required the surrender to be indorsed on the recognizance, and thus, perhaps, made that indorsement a record, and this would require the surrender to be shown only by the record of the surrender. But our statute is not such. It requires only a certificate, which surely does not rise to the dignity of a record in any sense. Our statute does not seem in any way to require that certificate as the sole and exclusive evidence of surrender. No reason is suggested to us to sustain this ruling.

The point is made that the record should show, not only that the principal in the recognizance was called and his default entered, but that the surety was also called to produce the principal, and his default therein entered. Our Code requires only that the failure of the principal to appear be entered of record. We cannot add to the statute that the default of the surety to produce his prisoner be also entered. If it ever was the common law here that the default of the bail be entered, it has never been our practice, and the mention of one requirement in the statute dispenses with the common law as to the other. In fact, it never was the law here. A recognizance is a contract of record like a statute staple. All the books call it a "contract." *Reese* v. *U. S.*, 9 Wall. 13, 21. And the surety must keep watch on his principal, without warning or notice from the creditor, as he has undertaken to guarantee his promise. *Wright* v. *Stockton*, 5 Leigh, 160; Brandt, Sur. § 199. I feel sure that it is sufficient that the default of principal only be entered, without mention of the surety. 3 Enc. Pl. & Prac. 237, note 1; *State* v. *Chesley*, 4 N. H., 366; Brandt, Sur. § 509; *U. S.* v. *Rundlett*, 2 Curt. 41, 45, (Fed. Cas. No. 16,208); *Dillingham* v. *U. S.*, 2 Wash. C. C. 422, (Fed. Cas. No. 3,913); *White* v. *State*, 5 Yerg. 183; *Brown* v. *People*, 24 Ill. App. 72. The bail may arrest the principal, and surrender him, by common law; and he may, though not necessary, get a bail piece, under Code, c. 156, s. 8, for his arrest. Brandt, Sur. 3496. He must produce him to save himself. I am satisfied that though, at common law,

there must be an entry of record of a regular judgment of default and forfeiture, that judgment is dispensed with by our Code, which simply requires that the fact of the principal's default be entered.   I think the authorities and the Code show that only by record can it be shown that a default existed.   *State* v. *Chesley, supra; Parke* v. *State*, 4 Ga. 329.   We therefore reverse the award of execution, and remand the case, with directions to admit the said pleas, and for further proceedings.   Reversed and remanded.

*Reversed.*