# CHARLESTON.

PHILLIPS *et al. v.* DEVENY.

```
47    653
64    443
```

Submitted January 30, 1900—Decided March 31, 1900.

JUSTICE—*Summons—Amendment.*

Where a party brings a civil action for the recovery of money, on contract, before a justice of the peace, and has the summons served and returned, he cannot, over the objection of the defendant, on motion, have the summons amended by inserting the names of additional parties as joint plaintiffs. (p. 655).

Error to Circuit Court, Marion County.

Action by J. F. Phillips and others against Thomas A. Deveny. Judgment for plaintiffs, and defendant brings error.

*Reversed.*

WILLIAM S. HAYMOND and B. L. BUTCHER, for plaintiff in error.

W. S. MEREDITH and P. M. HOGE, for defendants in error.

ENGLISH, JUDGE:

On the 16th of March, 1897, J. F. Phillips brought a civil action against Thomas A. Deveny, for one hundred dollars, before a justice of the peace of Marion County. On March 23d the summons was returned, "Executed," and the case was, on motion of the defendant, continued for seven days; and on March 30th counsel for plaintiff moved to amend the summons by inserting the names of J. O. McNeely, J. M. Arnett, C. O. Jackson, C. B. Nay, James H. Nuzum, and J. P. Thompson, a bridge committee, as joint plaintiffs with said Phillips. To this amendment the defendant objected. The objection was overruled, and said names were inserted. After the plaintiffs had introduced all of their evidence in support of the claim sued on in this ac-

tion, the defendant, by his counsel, moved the court to exclude said- evidence because the contract sought to be recovered upon was a verbal one, and was within the statute of frauds, and should be in writing, to make the defendant liable for its performance, which motion was overruled. The defendant was then examined as a witness, and judgment was rendered for the plaintiffs for one hundred dollars, with interest and costs. From this judgment an appeal was taken by said Deveny to the circuit court of said county, which appeal was certified by said circuit court to the intermediate court for trial, and that court gave judgment for the defendant. The plaintiffs took a bill of exceptions, setting forth the evidence, and obtained a writ of error to the circuit court, and that court, having considered the case, reversed the intermediate court, and gave judgment for the plaintiffs. From this judgment the defendant obtained this writ of error, which brings up for our consideration the regularity of the proceedings before the justice of the peace.

It appears that this suit was instituted by Phillips alone, against the defendant, and, after the summons had been executed, counsel for the plaintiff moved to amend the summons by inserting the names of six other parties (a bridge committee) as joint plaintiffs with Philips, which amendment was allowed by the justice over the objection of the defendant, and the case proceeded in the name of all of these plaintiffs until its final determination. Was it proper to allow this introduction of new parties plaintiff by amendment of the summons? The summons prescribed by statute was directed to a constable, commanding him, in the name of the State of West Virginia, to summon Thomas A. Deveny to appear before the justice, on a day therein named, to answer the complaint of J. F. Phillips in a civil action for the recovery of money due on contract; and while in response to that summons the defendant was required to appear, and might have come prepared to answer the complaint of Phillips, *non constat* that he should come prepared to answer the complaint of six other parties plaintiff, known as a "bridge committee," or as many more names as the plaintiff might ask to have inserted as joint plaintiffs in the summons. Our statutes.

are liberal in reference to amendment of pleadings on trials before justices of the peace, and in an action of unlawful detainer the justice may allow an amendment of the summons, if, in his opinion, the description of the premises is not sufficient; but we fail to find any statute allowing the summons to be amended by making additional parties plaintiff after the summons has been issued and served. Section 15, chapter 125, of the Code, provides that the court may permit the plaintiff to amend the writ or declaration so as to correct a variance, but it does not allow the writ to be so amended as to make new parties plaintiff. In the case under consideration, Phillips filed his complaint, and demanded one hundred dollars; and, although six other plaintiffs were added by amendment, the case was tried and judgment given on the complaint and demand of Phillips alone. We cannot perceive how a demand asserted by Phillips as due to himself alone can constitute the same demand or cause of action due to him and six others. Such a change of plaintiffs surely introduced a new cause of action, and it was error in the justice to render judgment for the plaintiffs in said action. It was also error in the circuit court, on appeal, to render judgment for said demand and interest. In my view of the case, the evidence shows that said Phillips had no cause of action against the defendant, and the names of the other plaintiffs were improperly inserted in the summons. The judgment is reversed, and the action dismissed, without prejudice to any proper action the plaintiffs may see cause to institute.

*Reversed.*