# CHARLESTON

CRIM v. RHINEHART.

Submitted September 4, 1908.     Decided December 2, 1908.

1. JUSTICE OF THE PEACE—*Judgment—Revival.*
    An executor of one of two plaintiffs in a justice's judgment can-not maintain a notice or *scire facias* to revive it. The proceedings must be in the sole name of the survivor. (p. 443.)

2. QUASHING CERTIORARI.
    *Quaere.* Can the defense of the statute of limitations be made by a motion to quash a *scire facias* to revive a judgment? (p. 443.)

Error to Circuit Court, Barbour County.

Proceeding to revive a judgment by E. H. Crim and an-other, as executors, against M. T. Rhinehart and others. Judgment for defendants, and plaintiffs bring error.

*Affirmed.*

MELVILLE PECK, for plaintiff in error.

WARE & VIQUESNEY, for defendants in error.

BRANNON, JUDGE:

Upon a justice's judgment in favor of J. H. Felton and J. N. B. Crim against M. P. Rhinehart and three others, Crim having died, the justice gave written notice to the de-fendants to show cause why the judgment should not be re-

vived and execution issued in favor of E. H. Crim and Melville Peck, executors of J. N. B. Crim. Felton was not a party to the notice. He asked no revival. Appearance was made in both courts specially only for a motion to quash the notice. The justice revived the judgment according to the notice; but on appeal to the circuit court the court granted a motion to quash the notice, and a motion to amend was refused and the notice was dismissed. No brief is filed by the plaintiff in error to show error.

The notice, issued under Code 1906, section 2067, operating as a writ of *scire facias* to revive in a court of record, is in the names of the executors of Crim and sought revival and execution in their names. Where there is a joint contract with two or more persons and any of them dies suit should be in the name or names of the survivor or survivors of the original parties. Hogg's Plead. & Forms, chapter 2, section 12.

"When one or more of several obligees, covenantees, partners, or others, having a *joint legal* interest in the contract, dies, the action must be brought in the name of the survivor, and the executor or administrator of the deceased must not be joined, nor can he sue separately, though the deceased alone might be entitled to the *beneficial* interest in the contract; and the executor must resort to a court of equity to obtain from the survivor the testator's share of the sum recovered." 1 Chitty, Pleading, 21. On common law principle, on Crim's death, the legal title in the judgment vested in his surviving co-creditor, and really no *scire facias* was necessary as the survivor could sue out execution without *scire facias*.

"Whether the death of a plaintiff or of a defendant renders a *scire facias* necessary is to be determined by ascertaining whether, through such death, a new party is charged or benefitted by the judgment. Whenever a sole plaintiff or a sole defendant dies, it is obvious that a judgment cannot be enforced without affecting some new party. Here, then, it is clear that a *scire facias* is necessary. Upon the death of one of several co-plaintiffs or co-defendants in a personal action, the doctrine of survivorship applies. The judgment, on the death of one of the plaintiffs, may be executed for the benefit of the survivors, in which case, as no new party is benefitted, no *scire facias* need be prosecuted. On the death of one of the defendants in a personal action, satisfaction

may be sought of the survivors, in which case a revivor would be useless." 1 Freeman on Executions, sec. 85. That no *scire facias* is necessary where one of two or more plaintiffs in the judgment dies is shown in *Holt* v. *Lynch*, 18 W. Va. 576-7. But if a *scire facias* were necessary, principles above given would dictate that it must be in the name of Felton, the survivor. The executors could not maintain it for want of legal title to the judgment.

Amendment of the notice was asked. What amendment does not appear. A writ of *scire facias* answers purpose of writ and declaration, and is subject to proper amendment. *State* v. *Lambert*, 44 W. Va. 308; Opinion page 324 of 14 Grat.; 19 Ency. Pl. & Prac. 302. But we ought to see what amendment was proposed. This notice could not be amended. The plaintiff in it had no title. The petition for the writ of error (but not the record) says that the proposition was to insert Felton's name as co-plaintiff. The extract above from Chitty would deny this, and 15 Ency. Pl. & Prac. 531, says that "upon the death of a joint obligee the cause of action survives to his co-obligees, and all survivors must join in the suit, but the personal representative of a deceased obligee or obligees cannot be joined with such survivors," Such amendment would make parties join who cannot.

If treated as a summons in an original action, new parties could not be made by amendment. *Phillips* v. *Deveny*, 47 W. Va. 653.

From the notice the judgment would appear to be barred by limitation, and councel say this justifies the dismissal. It would if this could arise on motion to quash. Whilst the statute may be availed of by demurrer to a bill or declaration, I doubt whether a notice or *scire facias* to revive a judgment would come under this rule. *Smith* v. *Hutchison* and other cases in 8 Encyclo. Digest Virginia and West Virginia Reports 619, seem to support this view; but it is not necessary to decide it. But for the fact that cases settle that upon demurrer the statute may be availed of, as an open question, I would doubt. The case may come under some exception. As in this case we do not know that execution had not gone out to keep the judgment alive.

We must affirm the judgment.

*Affirmed.*