## CHARLESTON.

STATE v. HAYNES.

Submitted November 9, 1915.   Decided November 16, 1915.

1.  BAIL—*Writ of Scire Facias—Requisites—Recognizance.*
    A writ of *scire facias* for award of an execution against a surety in a recognizance, being a declaration as well as a writ, must set forth all facts essential to the judgment sought.   (p. 192).

2.  SAME—*Writ of Scire Facias—Sufficiency—Recitals—Recognizance.*
    A writ for such purpose, reciting a recognizance to appear before a justice of the peace and a default made in the circuit court, without any recital of a recognizance to appear in said court, is insufficient.   (p. 192).

3.  SAME—*Writ of Scire Facias—Right to Amend.*
    Such a writ is amendable.   (p. 192).

Error to Circuit Court, Nicholas County.

Action by the State against J. D. Haynes.   Judgment for plaintiff, and defendant brings error.

*Reversed and remanded.*

*Brown & Eddy* and *A. L. Craig,* and *Townsend & Bock,* for plaintiff in error.

*A. A. Lilly,* Attorney General, and *John B. Morrison* and *J. E. Brown,* Assistant Attorneys General, for the State.

POFFENBARGER, PRESIDENT:

The judgment complained of is against a surety in a recognizance.   The assignment of error is founded upon an alleged defect in the *scire facias.*

On the 12th day of February, 1913, the principal, with his surety entered into a recognizance before a justice of the

peace, in the penalty of $500.00, to appear before the latter, on the next day, for a preliminary examination on a charge of felony made against him by one White, and, to the extent of such appearance and examination, he complied with the condition. Finding probable cause to believe the principal guilty of the offense charged, the justice ordered that he enter into a new recognizance in the penalty of $1,000.00, conditioned for his appearance in the circuit court of the county, at the next term thereof, to answer an indictment, and also that, in default of the giving of such recognizance, he should be committed to jail. Thereupon, the justice, with the assent of the prisoner, his attorney and the prosecuting attorney, allowed him to depart for the purpose of securing the sureties required for the new recognizance, with the understanding and agreement that meanwhile he was still held liable on his existing recognizance. He did not return. The surety in the recognizance was not present at the preliminary examination nor when the justice permitted the prisoner to depart. On the 10th day of March, 1913, the justice certified to the circuit court, the recognizance and the failure of the prisoner to return and execute a new bond, as well as the result of the preliminary examination.

The powers and duties of justices, in such cases, are prescribed, in part, by secs. 9 and 10 of ch. 156 of the Code, ser. secs. 5525, 5526, reading as follows: ''A justice may adjourn an examination or trial pending before him, not exceeding ten days at one time, without the consent of the accused, and to any place in the county. In such case, if the accused be charged with an offence punishable with death, he shall be committed to jail, otherwise he may be recognized for his appearance at the time appointed for such further examination or trial, or for want of bail be committed to jail. If the person so recognized do not appear at the time so appointed, the justice shall certify the recognizance and fact of such default to the circuit court at its next term, and like proceedings shall be had thereon as on breach of a recognizance for appearance before such court.'' Secs. 15 and 16 of the same chapter empower them to admit the accused to bail, in certain cases, on proof of probable cause, and to commit him to jail in default of bail.

The *scire facias* does not recite any default before the justice. It set forth the substance of the recognizance, including the condition thereof requiring the prisoner to appear before the justice and answer the complaint and not to depart thence without leave. . Then follows the recital of an order made by the circuit court, on the 12th day of April, 1913, saying the prisoner had been solemnly called and came not and his default had been entered of record. The default alleged to have been made in the circuit court was obviously not a breach of the recognizance recited in the *scire facias,* for .it required the principal to appear, not in the circuit court, but before the justice of the peace. Read together, the recitals do not make a case for a judgment against the surety. In one, there is a recognizance without a default; and, in the other, a default not supported by a recognizance. The *scire facias* is both a writ and a declaration, wherefore it must set forth a complete cause of action, as in the case of any other declaration. *State* v. *Lambert,* 44 W. Va. 308; *State* v. *Conner*, 57 W. Va. 81. Treated as a declaration, the writ in this case does not set forth a cause of action. Hence, the demurrer thereto, the equivalent of a motion to quash, should have been sustained.

. To the argument made upon the facts not recited, it suffices to respond that, if sufficient, they must be alleged.

As the writ is amendable, *State* v. *Lambert,* cited, the judgment, awarding execution on the recognizance, will be reversed and the case remanded for such further proper procedure as the state may deem it advisable to take.

*Reversed and remanded.*