**UNITED STATES v. PARKER et al.**

District Court, D. Rhode Island. May 6, 1927.

No. 1894.

1. **Bail ⚖⇒87—Joint scire facias may issue on forfeited recognizance, though sureties are severally and not jointly bound.**

The United States may, on judgment of forfeiture of recognizance in a criminal proceeding, secure issuance of a joint writ of scire facias, though the sureties are severally and not jointly bound.

2. **Bail ⚖⇒55—Recognizance is not invalid because sureties are severally bound, each for part of total.**

A recognizance in a criminal case is not invalid because of the fact that the sureties are severally bound, each for a part of the total sum fixed by the court.

3. **Bail ⚖⇒74(1)—Surety on recognizance, bound only in part, held not discharged by substitution of cosureties without consent.**

A surety on a recognizance in a criminal case, who is bound only for a part of the total amount fixed by the court, is not discharged by substitution of cosureties without his consent.

4. **Bail ⚖⇒88—General appearance of surety cures defect in writ or services of scire facias on forfeited recognizance.**

General appearance of surety on forfeited recognizance, on service of scire facias, cures any defect in writ or service.

At Law. Scire facias by the United States against Dewey M. Parker and Walter G. Nichols on judgment nisi forfeiting recognizance. Judgment made absolute, and execution awarded.

John S. Murdock, U. S. Atty., and Russell P. Jones, Asst. U. S. Atty., both of Providence, R. I.

Daniel T. Hagan and Charles A. Kiernan, both of Providence, R. I., for defendants.

MORRIS, District Judge. This is a writ of scire facias, brought by the United States to secure an execution upon a judgment of forfeiture of a recognizance for $2,500 in a criminal proceeding in which Dewey M. Parker is principal and Walter G. Nichols is surety.

The facts appearing of record are as follows:

The defendant Dewey M. Parker and 14 others were indicted by the federal grand jury under section 37 of the Criminal Code (Comp. St. § 10201), for conspiracy to violate section 3 of the National Prohibition Act (Comp. St. § 10138½aa) and section 5451 of the Revised Statutes (Comp. St. § 10203) relating to bribery.

Parker was taken into custody, and on April 9, 1926, was ordered to recognize in the sum of $5,000 for his appearance before the federal court for the district of Rhode Island, from day to day and from term to term, and whenever he should be called upon to do so, to answer to said indictment. On said date he presented ·as sureties the Southern Surety Company, of Des Moines, Iowa, and Walter G. Nichols, of Providence, R. I., who became obligated for his appearance in the sum of $2,500 each.

The clerk's record upon the indictment is as follows:

"April 9, 1925.

"Deft. Dewey M. Parker produced from custody and recognizes in $5,000, with two sureties: Walter G. Nichols, and Southern Surety Company of Des Moines, Iowa, each in the sum of $2,500."

A subsequent record recites that on—

"October 20, 1926.

"Bondsman for Dewey M. Parker, Southern Surety Company of Des Moines, Iowa, surrenders principal ⸱ and is discharged. Deft. Parker gives new bond in sum of $2,500, with Columbia Casualty Company of New York, surety."

On the 6th day of December, 1926, said Dewey M. Parker was called for trial and made default. The bondsman, Walter G. Nichols and the Columbia Casualty Company of New York, were called in open court and likewise made default. Thereupon a writ of scire facias was issued, returnable forthwith, and service made upon the defendant Nichols and the Casualty Company, by a United States deputy marshal, on the 8th day of December, 1926, with a non est return as to Parker. The defendant surety company appeared by attorney; judgment nisi was made absolute, and the judgment was satisfied by the payment of $2,500. The defendant Nichols appeared by attorney and filed a plea of nul tiel record.

His counsel raise four questions of law:

(1) "A joint writ of scire facias cannot issue where the recognizance is several as to the obligors."

(2) "The variance between the amount of bail as fixed by the court, and the amount in which the obligors recognized, vitiated the recognizance."

(3) "The cancellation of one recognizance and the substitution of a different one, without the knowledge or consent of the defendant Nichols, vitiates his obligation."

(4) "A writ of scire facias, irregularly issued, will not support a judgment."

[1] The defendant claims that, because a joint writ of scire facias was issued upon obligations which were several, the action cannot be maintained. He cites the cases of Chandler v. State, 5 Blackf. (Ind.) 471; Parrish v. State, 14 Md. 238.

In the former case it is said:

"The recognizance described in the scire facias is not joint, but several only. By the judgment of forfeiture, each of the defendants became liable to the state in the sum of $50, the amount for which he was bound, and, of course, each could be separately sued on his obligation. But the state cannot sustain this joint suit against the defendants, as they have not entered into a joint recognizance."

A few other cases to the same effect as the Chandler Case have been examined, but the weight of authority seems to be that it is no valid objection to a scire facias that the obligation upon which it is based is several, and the action joint, provided the scire facias recites the obligation truly and seeks to have execution according to its effect.

In the case of Commonwealth v. McNeill, 19 Pick. (Mass.) 127, Justice Shaw says:

"An objection was taken to the recognizance on the ground of variance, but the scire facias sets out a recognizance by the defendant only, whereas it was given by him and others. On reference to the recognizance, it appears that the parties are severally bound, and therefore it was a several recognizance by each, though, as all were joined in one recognizance, they might have been proceeded against jointly."

In the case of Gedney v. Commonwealth, 14 Grat. (Va.) 318, 327, 329, Daniel, J., reviews the Indiana and other cases and, speaking of the case of State v. Stout, 11 N. J. Law, 124, says:

"In the case last cited the whole subject is very ably and fully discussed and after a thorough examination of the English reports, and books of forms and entries, the result is arrived at that, in cases of scire facias on recognizances, the rule applicable to actions on bonds (in the particular in question) does not hold; and that against a plurality of recognizors, bound severally in one recognizance, there may be one writ, one judgment, and one execution, with this caution only, that each party is made liable for what he has severally undertaken, and for nothing more."

Again, in the case of Caldwell v. Commonwealth, 14 Grat. (Va.) 698, it is held

that "one scire facias may issue against several cognizors in one recognizance; but it must treat the recognizances as several, and the judgment must be several." See Madison v. Commonwealth, 2 A. K. Marsh. (Ky.) 131; Chumasero v. People, 18 Ill. 405; Howie v. State, 1 Ala. 113; State v. Lambert, 44 W. Va. 308, 28 S. E. 930.

The weight of authority does not appear to sustain defendant's first contention.

[2] To sustain his contention under his second point, the defendant cites the case of Brown v. State, 34 Tex. 525, a case wherein there was an indictment and conviction for exhibiting a gaming table. Bail was fixed by the court on an appeal in the sum of $150, but the two sureties were bound in only $75 each. Walker, J., said:

"There is no such appeal bond in this case as the law requires. The obligation of the sureties covers but one-half of the amount of the bond."

The foregoing case does not appear to be in accord with the weight of authority, for the cases are numerous in which several bonds and several recognizances are taken to make up the full amount of the bail. In the case of Madison v. Commonwealth, supra, the bail was set at $1,500. The sureties recognized severally, in the sums of $750, $375, and $375, to make up the total amount ordered by the court.

In the case of United States v. Atwill, 24 Fed. Cas. 887, No. 14,475, bail was fixed in the sum of $16,000, and was divided among sureties into three sums, namely, $1,000, $5,000 and $10,000.

In the case of Moore v. State, 28 Ark. 480, the precise question was raised and determined against the sureties. We quote from the opinion of the court as follows:

"It is next insisted that the bond is invalid, because it was not executed for the amount or in the manner required by the order of the court, in this: That the undertaking is not the joint bond of the appellant and Samuel R. Moore for $1,000, but is the separate bond of each for half that sum. There is nothing in the objection. The amount secured was equal, in the aggregate, to the penalty of the bond, and the fact that the liability of the sureties was limited to $500 each did not vitiate the bond."

See, also, State v. Sutcliffe, 16 R. I. 410, 16 A. 710; State v. Davidson, 20 Mo. 212, 61 Am. Dec. 603; State v. Benton, 48 N. H. 551.

[3] The objection that the obligation of Nichols was vitiated by the cancellation of the recognizance of the Southern Surety Company, and the substitution of the Columbia Casualty Company, can be sustained only upon the assumption that the two original sureties were parties to the same contract. The facts do not sustain this assumption. Two separate and distinct obligations, each for the sum of $2,500, were entered into by Parker's sureties at the time he was admitted to bail. They were entirely distinct, except in so far as both were necessary to comply with the order of the court that bail be furnished in the sum of $5,000. There were no contractual relations between the defendant Nichols and the Southern Surety Company. The defenses ordinarily available to cosureties on the same contract are not, therefore, available to Nichols.

In the case of United States v. Atwill, supra, it is held that "a surety on a recognizance, who binds himself for merely a portion of the total bail, is not released by the fact that the United States retakes the prisoner to compel him to keep good the additional security."

In the case of Reese v. United States, 9 Wall. 13, 19 L. Ed. 541, it is said that "any change in the contract, on which they are sureties, made by the principal parties to it without their assent, discharges them, and for obvious reasons. When the change is made they are not bound by the contract in its original form, for that has ceased to exist." It is also said that "there is also an implied covenant on the part of the government, when the recognizance or bail is accepted, that it will not in any way interfere with this covenant between them, or impair its obligation, or take any proceedings with the principal which will increase the risks of the sureties or affect their remedy against him."

In the case at bar, no change has been made in the contract entered into by Nichols. I cannot see that he was in any way injured by the substitution of the one surety company for another. He was at liberty to surrender his principal at any time and discharge his liabilities. No reason appears to the court why he should not perform his contract in accordance with its tenor.

If Parker had failed to furnish additional bail when surrendered by the Southern Surety Company, and while in custody had made his escape, unquestionably Nichols would have been discharged. The facts would then have brought the case within the principle of the cases cited by the defendant. Reese v. United States, 9 Wall. 13, 19 L. Ed. 541; In re Mariano, 34 R. I. 534, 84

A. 1086; Smith v. United States, 2 Wall. 219, 17 L. Ed. 788.

[4] There is nothing in the fourth point raised by the defendant. Conceding all that the defendant claims, that because the writ was made returnable forthwith it does not conform to the practice in Rhode Island, and that the statute of that state requires 10 days' notice upon a writ of scire facias, the defendant cannot now be heard to complain of want of service. He entered a general appearance and pleaded the general issues, nul tiel record. As was said in the case of Cooke v. Second Universalist Society, 7 R. I. 17: "The sole purpose of the writ is to bring the defendants before the court, and when they have come in there is an end of it, since they might have come in upon the writ, without any service of it whatever."

It is an elementary rule of law that a general appearance waives all defects and irregularities in the process, service, or return. A party who wishes to raise any question as to these matters must do so at a preliminary stage, before taking any steps relating to the merits of the case. Leach v. Burr, 188 U. S. 510, 23 S. Ct. 393, 47 L. Ed. 567; Shields v. Thomas, 18 How. 253, 15 L. Ed. 368; Barnes v. Western Union Tel. Co. (C. C.) 120 F. 550.

It follows that the judgment nisi must be made absolute and execution may issue against defendant Nichols for the sum of $2,500.