## TURNER *v.* TURNER.

## (*Nashville.*    February 5th, 1887.)

1. MALICIOUS PROSECUTION.  *Declaration.  Averment of want of probable cause requisite.*

   A declaration in an action for malicious prosecution, which does not aver the want of reasonable or probable cause, is bad, on demurrer.

   Code cited: § 3649 (M. & V.), § 2939 (T. & S.)

   Cases cited and approved: Herzog *v.* Graham, 9 Lea, 152; Evans *v.* Thompson, 12 Heis., 534; Raulston *v.* Jackson, 1 Sneed, 128.

2. NEW TRIAL.  *Verdict disapproved by Circuit Judge.  Reversal.*

   This Court will reverse the judgment of the Circuit Court based on the verdict of a jury, where it appears that the Circuit Judge disapproved the verdict, not because of its *amount* merely, but because he believed it to be against the *preponderance of the evidence.*

   Case cited and approved: England *v.* Burt, 4 Hum., 401, 402.

   (See R. R. Co. *v.* Roddy, *post*, page 400, and R. R. Co. *v.* Higgins, *post*, page —.)

---

### FROM WILSON.

---

Appeal in error from the Circuit Court of Wilson County.  ROBT. CANTRELL, J.

Action for false imprisonment and malicious prosecution.  The plaintiff obtained judgment on January 17th, 1882.  Defendant appealed.

W. H. WILLIAMSON, MARTIN & BEARD, and GRIB-
BLE & BRANTLY, for Turner.

GOLLIDAY & GOLLIDAY, and J. S. STOKES, for
Turner.

SNODGRASS, J.    There were two counts in the
declaration in this case—one for false imprisonment,
the other for malicious prosecution.

There was a demurrer to the latter count be-
cause it did not contain averment of want of
reasonable or probable cause, and stated no cause
of action.

The demurrer was overruled.

The action for. malicious prosecution is only in-
tended to apply to "cases where a criminal accu-
sation is made against an innocent man through
malice, and in the absence of a fair and reason-
able probability of its truth." *Raulston* v. *Jack-
son*, 1 Sneed, 128.

In such case the declaration must contain this
averment.    *Evans* v. *Thompson*, 12 Heis., 534.

There is a very clear and well-settled distinction
between the two cases and the averments neces-
sary in declarations in each case.    New Code,
§ 3649, Form No. 19; *Herzog et al.* v. *Graham*,
9 Lea, 152.

The second count in the declaration in this case
stated no cause of action, and the demurrer was
improperly overruled.

Another error complained of is that the verdict appears not to have met the approval of the Circuit Judge, although he allowed it to stand.

This objection is also well taken. The Circuit Judge did not believe that the preponderance of evidence was in favor of the verdict. It should, for this reason, have been set aside.

The law applied by this Court to sustain a judgment founded upon the verdict of a jury, where there is any evidence to support it, is based mainly upon the consideration that the Circuit Judge has approved the verdict because satisfied with it, and not because he has approved it, although dissatisfied with it.

The rule, and the reasons for it, are well stated· in the case of *England* v. *Burt*, 4 Hum., 401–2, and need not be repeated here. In that case the judgment was allowed to stand because the Circuit Judge only stated that "he did not know whether if he had been of the jury he would have considered the evidence sufficient," etc. But here it clearly appears that the Judge thought the preponderance was against it, and merely deferred to the judgment of the jury. This must not be allowed. Otherwise this Court would sit in each case in the relation of the Circuit Judge to each verdict and trial, and he would be but the medium through which the case was passed to us for consideration, requiring this Court to act under the rule operative upon the Circuit Judge to weigh the evidence and determine where the preponder-

ance was, instead of under the rule long settled by this Court to determine the case by affirming his judgment when it was upon a verdict sustained by any legal evidence which was sufficient to authorize it. We have held at this term that where, in an action of damages for tort, the Circuit Judge had expressed dissatisfaction with the *amount* of the verdict, we would not reverse, because notwithstanding such dissatisfaction, it was his duty to let such verdict stand, unless it was so excessive as to indicate passion, prejudice, corruption, or other improper influence operating to produce it, of which we could judge from the record as well as he; but the rule now asserted was emphasized in that case, and where the dissatisfaction is not with the *amount*, but the *fact* of the verdict, it will not be allowed to stand.

The judgment will be reversed and the case remanded. Defendant in error will pay the cost of appeal.