RAILROAD v. LEE.

(*Knoxville.* October 3, 1895.)

1. NEW TRIAL. *For Court's failure to approve or disapprove verdict.*

This Court will reverse and remand a law cause where the Judge fails either to approve or disapprove the verdict of the jury, expressing a purpose and desire to have the facts and questions passed upon by this Court without any affirmative action on his part.

Cases cited: Railroad v. Lee, 90 Tenn., 570; Turner v. Turner, 85 Tenn., 389; Railroad v. Roddy, 85 Tenn., 403.

2. SAME. *For use of diagrams not put in evidence.*

It is misconduct, for which a new trial will be granted, for the jury to examine and consider diagrams that have not been put in evidence.

---

FROM HAMBLEN.

---

Appeal in error from Circuit Court of Hamblen County. W. R. HICKS, Judge.

SHIELDS & MOUNTCASTLE and J. B. HOLLOWAY for Railroad.

JAMES G. ROSE and GEO. P. YOE for Lee.

CALDWELL, J. This action was brought to recover damages for personal injuries alleged to have been received by Mrs. Mary Lee, then Miss Newman,

Railroad *v.* Lee.

while disembarking from a passenger train of the East Tennessee, Virginia & Georgia Railway Company.

The plaintiffs, on different trials, have obtained four verdicts, for $4,000, $1,200, $3,500, and $3,000, respectively. The first one was set aside by the trial Judge, the second was approved by him, and his action in refusing a new trial was reversed by this Court on account of errors in his instructions to the jury (*Railway Co.* v. *Lee*, 90 Tenn., 570), the third was set aside by the trial Judge, and the fourth is now before us on an appeal in the nature of a writ of error by the railway company.

In disposing of the motion for a new trial in the last instance, the Court made an order in the words following: "Came on for argument the rule heretofore entered by defendant, to have the verdict rendered by the jury in this case set aside and a new trial of the case granted, and, the premises being fully seen and considered by the Court, the Court not being willing to arrest the verdict, since it has tried the case so often and is so anxious that our Supreme Court pass upon the evidence in the case and the facts thereof, that, after so many trials of the case in this Court, the Court is of opinion that the rule for a new trial should be discharged, and so orders, that the questions involved may be passed on by the Supreme Court."

The Honorable Circuit Judge committed error in the action thus taken. It was his duty either to approve or disapprove the verdict, and then, in due

course of proceeding, let the aggrieved party bring the case into this Court, if desired. It was his province, and his alone, to decide, in the first instance, whether or not judgment should be pronounced upon the verdict rendered by the jury. This Court cannot decide the question originally; it has no original jurisdiction. It cannot "pass upon the evidence in the case" before the verdict of the jury has received the approval or disapproval of the trial Judge.

The language of the entry above quoted does not show either approval or disapproval; it does not indicate whether the trial Judge thought the verdict was right or wrong on the evidence. To overrule a motion for new trial, with expressed anxiety that this Court may "pass upon the evidence in the case," and in order "that the questions involved may be passed on" by this Court, is to withhold approval or disapproval—to pretermit action which must be taken before appellate jurisdiction can be conferred or acquired. Upon kindred questions, see *Turner* v. *Turner*, 85 Tenn., 389; *Railroad Co.* v. *Roddy*, *Ib.*, 403, and cases there cited.

It was error, also, for the jury to examine and consider diagrams not introduced in evidence.

Reverse, and remand for a new trial.