RAILROAD v. BROWN.

(*Jackson.*    April 23, 1896.)

1. DEMURRER TO EVIDENCE.  *Fatally defective, when.*

A demurrer to evidence is fatally defective which does not incorporate the evidence demurred to, and admit, in unequivocal terms, its truthfulness and all legitimate inferences and deductions to be drawn therefrom.   (*Post, pp. 560, 561.*)

Cases cited and approved: Summers v. Railroad, *ante*, p. 459; Hopkins v. Railroad, *ante*, p. 409; Bedford v. Ingram, 5 Hay., 155; 2 H. Blackstone's Rep., 187; 20 How., 427; 140 Ill., 61; 17 Fla., 444; 3 Ala., 528.

2. NEW TRIAL.  *Motion for, must be passed upon.*

It is error for the Circuit Judge to submit the question of the sufficiency of the evidence to support the verdict to the decision of the Supreme Court, himself expressly refraining from expressing any opinion upon the matter.  (*Post, pp. 562, 563.*)

Case cited and approved: Railroad v. Lee, 95 Tenn., 389.

---

FROM MADISON.

---

Appeal in error from Circuit Court of Madison County.   LEVI S. WOODS, J.

McCORRY & BOND for Railroad.

HAYNES & HAYS and E. L. BULLOCK for Brown.

CALDWELL, J.    Mary G. Brown, the plaintiff be-
low, obtained verdict and judgment for $7,500 against
the Illinois Central Railroad Co. for the alleged loss
and destruction of the life of her husband, Alfred
W. Brown, by and through the willful neglect of
that company, its servants and agents, while he was
engaged in its service as car repairer, near Bland-
ville, in the State of Kentucky.

The railroad company has appealed in error.

The bill of exceptions recites that, after the plain-
tiff had introduced her evidence and the counsel for
both sides had addressed the jury, "the defendant,
before the charge was given, handed to the Court a
type-written request, demurring to the evidence, which
(request) is as follows:

"*Exhibit O*—The defendant declines to introduce
any proof, and demurs to the proof introduced by the
plaintiff, and moves the Court to instruct the jury
as follows: The plaintiff having introduced her proof,
and the defendant declining to introduce any, but
demurs to the plaintiff's evidence—that is, the de-
fendant says that, if all the plaintiff proved be true,
it does not sustain and support the averments of her
declaration, and, therefore, does not entitle her to
recover.   This admits to be true all the plaintiff
has proved, and leaves no controverted fact to be
passed on by you, and the Court being of the opin-
ion that if all the testimony be true, and the Court
assumes it to be true in every particular, that it
would not entitle the plaintiff to recover, the de-

murrer to the evidence is sustained, and you are instructed to return a verdict for the defendant."

The trial Judge declined to entertain the intended demurrer to the evidence, and delivered a regular charge, wherein he instructed the jury to decide for themselves, from the proof before them, whether or not the plaintiff's husband came to his death by and through the willful neglect of the defendant, its agents or servants.

It is perfectly clear that no error was committed in refusing to entertain defendant's intended demurrer to the evidence. The paper presented as such, was not entitled to be regarded, in any true sense, as a demurrer to the evidence; for, to say nothing of other obvious imperfections, it was fatally defective in that it did not embody the evidence introduced by the plaintiff, and to which the demurrer was directed.

A demurrer to evidence should be reduced to writing, should incorporate the evidence demurred to, and should, in unequivocal terms, admit the entire truthfulness of that evidence with all legitimate inferences and deductions to be drawn therefrom. *Summers* v. *Railroad Co.*, ante, p. 459; *Hopkins* v. *Railroad*, ante, p. 409; *Bedford* v. *Ingram*, 5 Hay., 155; 2 Tidd's Prac., *865–6; 1 Starkie's Evi., *434–5; 4 Chitty's Gen. Prac., 16; 2 Elliott's Gen. Prac., §§ 856, 858, 863; 5 Am. & Eng. Enc. L., 563; *Gibson* v. *Hunter*, 2 Henry Blackstone's Rep., 187; *Suydam* v. *Williamson*, 20 How., 427; *Rail-*

way v. *Welie*, 140 Ill., 61; *Hinate* v. *Simpson*, 17 Fla., 444; *Sawyer* v. *Pitts*, 3 Ala., 528.

The defendant moved for a new trial, and in its motion assigned five alleged errors, one of them being that the verdict was not sustained by the evidence. In disposing of that motion, the trial Judge referred to the fact that he had, after mature deliberation, submitted the case to the jury upon the facts, instead of deciding it himself, and, continuing, said further: "So I carefully refrained from expressing to the jury any opinion as to whether or not these facts did or did not make out a case of willful neglect, and I do not intend to express any opinion on the subject now, but will leave it to the Supreme Court, where I suppose the case will be taken. . . . I want the Supreme Court to pass on the question of practice raised in this clear-cut manner, leaving that Court free, so far as any judicial act of mine is concerned, to decide whether the facts in this case do or do not make out a case of willful neglect under this (Kentucky) statute. Therefore I will not disturb the verdict." In the action thus shown, the trial Judge misconceived his proper function, at that particular stage of the case, and, laboring under that misconception, fell into grave error. Though he may have refused, rightfully, in the first instance and before verdict rendered, to express his opinion on the facts of the case to the jury, the situation had been changed when the motion for a new trial was made and he came to dispose of the same.

Railroad *v.* Brown.

In the latter stage of the case, it was incumbent on him, and on him alone, to maturely consider and decide all material questions properly arising on that motion. In discharging that exclusive and indispensable duty, he must, unavoidably, determine for himself, after giving all due weight to the verdict of the jury, whether or not the evidence introduced was sufficient to sustain that verdict.

That was one of the questions presented in the motion for a new trial, and he had no power to pretermit it, and "leave it" to this Court for decision, and, having been pretermitted by him, this Court is without jurisdiction to decide it.

To use the apposite language of a very recent case: "It was his duty either to approve or disapprove the verdict, and then, in due course of proceeding, let the aggrieved party bring the case into this Court, if desired. It was his province, and his alone, to decide, in the first instance, whether or not judgment should be pronounced upon the verdict rendered by the jury. This Court cannot decide the question originally; it has no original jurisdiction. It cannot 'pass upon the evidence in the case' before the verdict of the jury has received the approval or disapproval of the trial Judge. The language of the entry, above quoted, does not show either approval or disapproval. It does not indicate whether the trial Judge thought the verdict was right or wrong on the evidence." *Railroad* v. *Lee*, 95 Tenn., 389, 390.

Reverse and remand.