RAILROAD *v.* NEELY.

(*Jackson.*    May 24,  1899.)

1. NEW TRIAL.   *Refusal of, error, when.*

That there are some substantial facts to support it does not justify a trial Judge in refusing to set aside a verdict with which he is not satisfied on the facts.

Case cited and approved: Railroad *v.* Brown, 96 Tenn., 559.

2. SAME.   *Rule of Supreme Court.*

The rule that a verdict will not be disturbed upon the facts, if there is any evidence to support it, is one that prevails in this Court, but not in the lower Courts.

Cases cited and approved: Tate *v.* Gray, 4 Sneed, 592; England *v.* Burt, 4 Hum., 400; Nailing *v.* Nailing, 2 Sneed, 631; Vaulx *v.* Herman, 8 Lea, 683; Turner *v.* Turner, 85 Tenn., 389; Railroad *v.* Roddy, 85 Tenn., 403.

---

FROM  MADISON.

---

Appeal  in  error  from  Circuit  Court  of  Madison County.    A.  H.  MUMFORD,  Judge.

HAYS & BIGGS for Railroad Co.

S.  J.  EVERETT  for  Neely.

CALDWELL, J.    R.  B.  Neely  brought  this  action against  the  Nashville,  Chattanooga  &  St.  Louis  Railway  Co.  to  recover  from  it  $15,000,  as  damages

for personal injuries alleged to have been by it wrongfully and negligently inflicted upon him while rightfully and cautiously disembarking from one of its passenger trains, at the end of his journey thereon. The jury trying the case returned a verdict for $7,500. The plaintiff remitted $5,500. The Court pronounced judgment for $2,000, and the defendant appealed in error.

The bill of exceptions contains the following statement, namely: "The defendant moved the Court for a new trial upon the several grounds set out in the entry on the minutes, and, after argument of counsel, the Court stated that he was satisfied that the verdict of the jury was excessive, and that the verdict should be set aside upon that ground; and that it was unnecessary to consider the ground that the verdict was not supported by the testimony and was contrary to the law and evidence. Thereupon the plaintiff requested the Court to state what amount he thought would not be excessive, when the Court stated that, if the plaintiff was entitled to any amount, he was not entitled to more than $2,000, but that there could be no doubt but that $7,500 was excessive. Whereupon counsel for plaintiff stated that he would remit $5,500 of the verdict, making it $2,000. The Court then overruled the motion for a new trial, *stating that the facts in the case were considerably mixed, but that it was a rule of his to rarely invade the province of the jury in setting aside their verdicts,*

*if there were any substantial facts to support the
same.*"

The concluding part of this recital, which we
have italicized, discloses erroneous action on the part
of the Court. It shows a misconception of the
respective functions of the Court and jury in regard
to the evidence, and gives unwarranted weight to
the verdict. It was incumbent on the trial Judge,
in passing upon the motion for a new trial, to
weigh the evidence for himself, and decide whether
or not the verdict, when reduced to $2,000, was
warranted thereby; and it would not have been an
invasion of "the province of the jury" for him to
have done so. It was his province, and his alone,
to decide that question. The case had passed from
the jury, and had reached that stage in which the
Judge must approve or disapprove the verdict; and,
"in discharging that exclusive and independent duty,
he must, unavoidably, determine for himself, after
giving all due weight to the verdict of the jury,
whether or not the evidence introduced was sufficient
to sustain that verdict." *Railroad* v. *Brown*, 96
Tenn., 559.

His Honor seems to have gone far enough, in
his consideration of the evidence, to conclude that
there were some "substantial facts to support" the
verdict, and, deeming that sufficient, he considered
the evidence no further. That was a misapplication
of a familiar rule, of long standing in the practice
of this Court, but wholly inapplicable in *nisi prius*

Railroad *v.* Neely.

Courts. Indeed, that rule, as here applied, is based upon the fact that both the trial Judge and the jury have carefully weighed the evidence, and that, while doing so, they have had more favorable opportunities of ascertaining the truth than this Court can have. *Tate* v. *Gray*, 4 Sneed, 592; *England* v. *Burt*, 4 Hum., 400; *Nailing* v. *Nailing*, 2 Sneed, 631; *Vaulx* v. *Herman*, 8 Lea, 683; *Turner* v. *Turner*, 85 Tenn., 389; *Railroad* v. *Roddy*, 85 Tenn., 403.

The rule is applicable only when the trial Judge has concurred in the finding of the jury, and is never to be applied to a mere verdict.

Reverse and remand.