CUMBERLAND TELEPHONE & TELEGRAPH COMPANY *v.* T. N. SMITHWICK *et al.*

(*Nashville.*   December Term, 1903.)

1. **NEW TRIAL.** Granted by supreme court where circuit judge refused it, but expressed his dissatisfaction with verdict.

If the circuit judge is dissatisfied with the verdict of the jury, it is his duty to set it aside and grant a new trial; and if it appears to the supreme court, from statements made by the circuit judge in passing upon the motion for a new trial, that he was really not satisfied with the verdict, but refused to set it aside, it is the duty of the supreme court, when it has acquired jurisdiction of the cause, to grant a new trial on the ground of the trial judge's dissatisfaction with the verdict. (*Post, pp.* 466-468.)

Cases cited and approved: Pettitt v. Pettitt, 4 Hum., 191, 193; England v. Burt, 4 Hum., 400, 401, 402; Jones v. Jennings, 10 Hum., 428, 429; Nailing v. Nailing, 2 Sneed, 630, 632, 633; Tate v. Gray, 4 Sneed, 592; Vaulx v. Herman, 8 Lea, 683, 687; Railroad v. Foster, 10 Lea, 366; Turner v. Turner, 85 Tenn., 387; Railroad v. Roddy, 85 Tenn., 410; Railroad v. Mahoney, 89 Tenn., 332; Railroad v. Lee, 95 Tenn., 388; Railroad v. Brown, 96 Tenn., 559, 562; Jenkins v. Hankins, 98 Tenn., 545; Railroad v. Neely, 102 Tenn., 700; Railroad v. Lawson, 105 Tenn., 639.

2. **SAME.** Same. Reasons for rule.

The reasons for the foregoing rule are, in substance, that the circuit judge hears the testimony, sees the witnesses, and observes their demeanor upon the witness stand, just as the jury does; that he is especially qualified for correction of errors the inexperienced jury may have made, for which purpose he is the thirteenth juror. (*Post, pp.* 468-469.)

Telephone & Telegraph Co. v. Smithwick.

3. **SAME. Same.** Supreme court cannot act until trial judge has acted.

    The supreme court has no power to act on motion for a new trial until the circuit judge has acted. (*Post, p.* 470.)

    Cases cited and approved: Railroad v. Lee, 95 Tenn., 388; Railroad v. Brown, 96 Tenn., 559; Railroad v. Neely, 102 Tenn., 700.

4. **SAME. Same.** Reasons needlessly given by circuit judge considered by supreme court to determine his satisfaction or dissatisfaction with verdict.

    In deciding the motion for a new trial, the circuit judge is not bound to give any reasons for his decision, any more than the jury is bound to do so; and if he gives reasons for his action, the supreme court looks to them only for the purpose of determining whether he passed upon the issues, and was satisfied or dissatisfied with the verdict thereon. (*Post, pp.* 470-471.)

5. **SAME. Same.** Case in judgment.

    Where a special judge in refusing a motion for a new trial, states that he is not satisfied with the verdict, and has grave doubts whether he should not set aside the verdict, and believes he would do so if he were the regular judge, the supreme court will grant a new trial, because of his dissatisfaction with the verdict.

---

FROM WILSON.

---

Appeal from the Circuit Court of Wilson County.—
JAMES A. JONES, Special Judge.

A. A. ADAMS, R. P. McCLAIN, and W. L. GRANBERY, for Telephone and Telegraph Co.

N. G. ROBERTSON, E. E. BEARD, and J. C. SANDERS, for Smithwick.

MR. JUSTICE NEIL delivered the opinion of the Court.

The substance of the declaration in this case was that the defendant below had stored in its building a large quantity of dynamite; that this building was located in a thickly settled part of the town (Lebanon); that it stood near a building occupied by plaintiff; that on a certain night in January, 1901, a fire broke out in a building near to that occupied by defendant below, and near to that occupied by the plaintiff in error; that the inhabitants of the town were out in force for the purpose of extinguishing the fire, with suitable apparatus for the purpose, and would have succeeded in doing so, but for the fact that the crowd of people so in attendance learned that there was dynamite in the building occupied by plaintiff in error, and this fact so alarmed them that they desisted from further efforts; also that, owing to the existence of said dynamite in plaintiff in error's building, or that part occupied by it (being the upstairs), an explosion took place there, rendering it impossible to enter the building occupied by defendant in error and to take his goods out, and they were by said explosion wrecked and burned; also that the appre-

hension caused by the existence of said dynamite on plaintiff in error's premises prevented the defendant in error and his friends from getting his goods out of the building occupied by him before the said explosion occurred. The action was for $1,900.

The plea of not guilty was entered. The jury returned a verdict in favor of the defendant in error, for the use of the insurance companies, for $971, and for Smithwick himself, $591, upon which verdict judgment was rendered.

A motion for new trial was made in the court below, which was overruled by the circuit judge, the Honorable James A. Jones, sitting as special judge. Thereupon the defendant appealed, and has assigned errors.

The only error assigned is based upon certain language which was used by his honor in overruling the motion. Upon this subject the bill of exceptions contains the following recital:

"In this cause, upon motion for a new trial, and to set aside the verdict of the jury, the court stated that: 'He is not satisfied with the verdict of the jury. He is of opinion that the last explosion was in the Blanton part of the building, under defendant's, and that it was from the coal oil stored therein. He is also of opinion that whatever explosion occurred in defendant's building was all at the same time, or, in other words, there was but one explosion in that part of the building occupied by defendant. The court has grave doubts

whether he should not set aside the verdict, and believes he would do so if he were the regular judge.' "

It is insisted in behalf of plaintiff in error (defendant below) that this entry shows that the circuit judge was dissatisfied with the verdict, and for that reason he should have granted a new trial, and, as he failed to do so, this court, under the well-known rule applicable to the subject, should itself grant the new trial, and remand the cause.

On the other hand, it is insisted by defendant in error that the rule does not apply, for the following reasons: Firstly, that the reference which his honor made to the explosion showed that he totally misapprehended the issues involved in the cause; secondly, that there is no testimony to sustain what his honor says upon that subject; thirdly, that there is testimony in the record to sustain the verdict of the jury; and, fourthly, that the defendant in error should not, by the failure of his honor to set aside the verdict, be placed in a worse position than if he had set it aside, but, rather, in a better position.

The rule in civil cases is that, if the circuit judge is dissatisfied with the verdict of the jury, it is his duty to set it aside and grant a new trial, and that upon its being made to appear to this court, from statements made by the circuit judge in passing upon the motion for new trial, that he was really not satisfied with the verdict, it becomes the duty of this court, when it has acquired jurisdiction of the cause, to do what the circuit

judge should have done; that is, to grant a new trial
on the ground of the dissatisfaction of that judicial
officer with the verdict.    This rule is supported by a
large number of cases:  *Pettitt's Ex'rs* v. *Pettitt,* 4
Hum., 191, 193; *England* v. *Burt,* 4 Hum., 400, 401, 402;
*Jones* v. *Jennings,* 10 Hum., 428, 429; *Nailing* v. *Nail-
ing,* 2 Sneed, 630, 632, 633; *Tate* v. *Gray,* 4 Sneed, 592;
*Turner* v. *Turner,* 85 Tenn., 387, 3 S. W., 121; *Railroad*
v. *Lee,* 95 Tenn., 388, 32 S. W., 249; *Railroad* v. *Brown,*
96 Tenn., 559, 562, 35 S. W., 560; *Railroad* v. *Neely,* 102
Tenn., 700, 52 S. W., 167; *Railroad* v. *Lawson,* 105
Tenn., 639, 58 S. W., 480.    There are other cases upon
collateral phases of the matter. *Jenkins* v. *Hankins,*
98 Tenn., 545, 41 .S. W., 1028, and *Railroad Co.* v.
*Roddy,* 85 Tenn., 410, 5 S. W., 286, modifying *Vaulx* v.
*Herman,* 8 Lea, 683, 687, and *Railroad* v. *Foster,* 10
Lea, 366.    See, also, *Railway Co.* v. *Mahoney,* 89 Tenn.,
332, 15 S. W., 652.    But they do not bear directly on
the body of the rule, and need not be further noticed.

The reasons given for the rule are, in substance, that
the circuit judge hears the testimony, just as the jury
does, sees the witnesses, and observes their demeanor
upon the witness stand; that, by his training and ex-
perience in the weighing of testimony, and the applica-
tion of legal rules thereto, he is especially qualified for
the correction of any errors into which the jury by in-
experience may have fallen, whereby they have failed,
in their verdict, to reach the justice and right of the
case, under the testimony and the charge of the court;

that, in our system, this is one of the functions the cir-
cuit judge possesses and should exercise—as it were,
that of a thirteenth juror.   So it is said that he must
be satisfied, as well as the jury; that it is his duty to
weigh the evidence; and, if he is dissatisfied with the
verdict of the jury, he should set it aside.    It is further
said that, relying upon his performance of this duty
vigilantly and faithfully, the rule was long ago estab-
lished that this court would not reverse on the testi-
mony if there were any evidence in the record to support
the verdict.    It would be, say the authorities, a hazard-
ous thing for this court to attempt to review at large the
testimony of witnesses whose evidence was given orally
in the court below, and to reverse the action of a judge
and jury thereon, who had seen the witnesses, and had
had the opportunity of observing their demeanor and
manner of testifying.    But this view is based not only
upon the supposition that the jury has considered and
passed upon the facts, but also that the parties have had
the benefit of the trained intelligence of the circuit
judge as well.

So, under our system of jury trials, the parties have
the benefit, in the first instance, of the deliberations of
the jury upon the facts, guided as to the law by the
instructions of a trial judge learned in the law; next, on
a motion for a new trial, or *mero motu,* the benefit of
the deliberations of the circuit judge himself, upon the
whole case, in determining whether the verdict of the

jury shall stand; and, finally, the action of this court, within its sphere as above indicated.

It has been held that this court has no power to act until the circuit judge has acted. *R. Co.* v. *Lee,* 95 Tenn., 388, 32 S. W., 249; *R. Co.* v. *Brown,* 96 Tenn., 559, 35 S. W., 560; *R. Co.* v. *Neely,* 102 Tenn., 700, 52 S. W., 167.

In deciding the matter, the circuit judge is not bound to give any reasons, any more than the jury is bound to do so. If he does give reasons for his action, this court looks to them only for the purpose of determining whether he passed upon the issues, and was satisfied or dissatisfied with the verdict thereon.

These are the principles which control the present case, and by which it must be determined.

Reading what his honor said, there can be no doubt left in the mind of any one that he was dissatisfied with the verdict of the jury. Shall we probe his reasons for the purpose of ascertaining whether they be well founded or not? To do this would be to usurp his functions, and to assume a jurisdiction this court does not possess. Can we weigh, as it were, in delicate scales, the advantages which would have accrued to the defendant in error upon the circuit judge's sustaining the motion for a new trial, and allowing the defendant in error a bill of exceptions, as compared with the burden imposed upon him by the action which was in fact taken, whereby the case is brought here in the condition in which we now find it? The case cannot be de-

cided upon any such principle. We find no warrant for such a course laid down. The decision must turn on principles applicable to the case in the condition in which we find it.

In this view, there can be no doubt that the judgment of the court below must be reversed, and the cause remanded for a new trial.