232

## ILLINOIS CENT. R. CO. v. DAVIS.

Circuit Court of Appeals, Sixth Circuit.
April 10, 1929.

No. 5115.

Clinton H. McKay, of Memphis, Tenn. (Bond & Bond, of Jackson, Tenn., and Charles N. Burch and H. D. Minor, both of Memphis, Tenn., on the brief), for plaintiff in error.

R. E. Maiden, of Dresden, Tenn. (Morris & Morris, of Union City, Tenn., on the brief), for defendant in error.

Before MOORMAN, HICKENLOOPER, and KNAPPEN, Circuit Judges.

MOORMAN, Circuit Judge. Plaintiff recovered damages for the killing of her husband, Louis Davis, by defendant's train at a public road crossing 237 rods south of the corporate limits of the town of Trimble, Tenn. The train was approaching the town from the south. The question on which the case turns here is whether subsection 3 of section 1574 of the Statutes of Tennessee applies. If it does, the judgment must be affirmed; if it does not, there should have been a directed verdict for the defendant. The statute reads: "On approaching a city or town, the bell or whistle shall be sounded when the train is at the distance of one mile, and at short intervals till it reaches its depot or station; and on leaving a town or city, the bell or whistle shall be sounded when the train starts, and at intervals till it has left the corporate limits."

The Court of Civil Appeals, an intermediate court of Tennessee, in affirming the judgment of the lower court in Illinois Cent. R. Co. v. Adams, 2 Hig. 118, held that the signals which this statute required a train approaching a city to give were intended for the protection of persons using a country crossing outside but within a mile of the limits of a city. There was also another ground which the court thought sufficient for an affirmance. The Supreme Court of the state denied an application for certiorari. Later the Tennessee Court of Appeals, which is also an intermediate court, and which succeeded the Court of Civil Appeals, in Stricklin v. L. & N. R. Co., 2 Tenn. App. 141, decided that this provision of the statute did not apply to crossings outside but within a mile of towns and cities. The Supreme Court of the state has never passed upon the question. It is therefore a question upon which this court must exercise its independent judgment.

The section in question is a subdivision of section 1574, which in turn is a part of a general statute enacted in 1856 (other parts being sections 1575 and 1576 of Shannon's Code) "in order to prevent accidents upon railroads." Subsections 1 and 2 (now repealed) of section 1574 provided for a system of signals for public crossings outside of towns and cities. Subsection 3, here relied upon, deals with the signals to be given by trains on approaching towns and cities and while operating within them.

Subsections 1 and 2 of this statute have been repealed, and the standard of care that a railroad company is now required to use in operating its trains across the public roads of the state outside of towns and cities is fixed by the common law of the state. Steele v. Louisville & N. R. Co., 154 Tenn. 208, 285 S. W. 582. The repeal of these two provisions, which resulted in the bringing back of

the common-law liability at country crossings, did not in any way broaden the application of subsection 3. That provision was intended to fix a standard of duty for railroad companies in operating trains in cities. It is not extraordinary that it should require that the bell or whistle be sounded by the approaching train before it reaches the city limits. Effective notice could not otherwise be given to those at the edge of the city where the train was entering. Such notice can be given by a departing train while it is within the city, and hence all that it is required to do is to ring the bell or sound the whistle until it has passed the city limits.

The purpose, as we have said, of this provision of the statute, in view of subsections 1 and 2 which were enacted at the same time, and which comprehensively dealt with crossings outside of cities, was to protect those within the city and not those outside it. Even, therefore, if there was a failure to comply with this statute, there was on that account no violation of duty to the decedent. The liability as to him was determinable under the law applicable to the crossing where the accident occurred—the common law. Under that law there should have been a directed verdict. B. & O. R. R. Co. v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645.

Judgment reversed.