## RONEY v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit. January 20, 1930.

No. 5471.

Otis T. Lippincott, of Lima, Ohio (Lippincott & Lippincott, of Lima, Ohio, on the brief), for appellant.

Lee N. Murlin, Asst. U. S. Atty., of Toledo, Ohio.

Before MOORMAN and KNAPPEN, Circuit Judges, and TAYLOR, District Judge.

PER CURIAM. ■ Appellant was convicted of an offense under section 32 of the Criminal Code (title 18 U. S. C. § 76 [18 USCA § 76]). He made no motion in the court below for a directed verdict at the conclusion of all the evidence, and, in the absence of such a request, this court will not consider the sufficiency of the evidence unless it is satisfied that there has been a miscarriage of justice. Lockhart v. United States, 264 F. 14 (6 C. C. A.); Loewenthal v. United States, 274 F. 563 (6 C. C. A.). Our examination of the evidence leads us to the conclusion that no injustice has been done. Nor can the appellant complain of the admission in evidence of the receipt given by a prosecuting witness to the bank for money which was paid to appellant, nor of the receipt to the same effect prepared by him but not delivered to the bank, upon the ground that such undelivered receipt was self-serving evidence. The former receipt was admissible in view of an exhibit offered by the defendant tending to show that the funds involved had never been withdrawn from the bank as claimed by the prosecuting witness. Holmes v. Goldsmith, 147 U. S. 150, 164, 13 S. Ct. 288, 37 L. Ed. 118; Williamson v. United States, 207 U. S. 425, 450, 28 S. Ct. 163, 52 L. Ed. 278. The latter and undelivered receipt was not objected to, nor would its admission have constituted reversible error over proper objection with exception, because entirely cumulative and not prejudicial, being an almost exact duplicate and of exactly the same probative effect as the admissible receipt already in evidence and not objected to.

The judgment is affirmed.