## CINCINNATI, N. O. & T. P. RY. CO. v. GALLOWAY.

No. 5939.

Circuit Court of Appeals, Sixth Circuit.

June 28, 1932.

ment in favor of the administrator, who was the plaintiff below, the railroad appealed. The principal assignments of error are directed to the failure of the District Judge to direct a verdict in favor of the defendant at the conclusion of all of the evidence.

The action was planted in part upon common-law liability, and in part upon statutes of the state of Tennessee. The motion for a directed verdict was addressed to both counts, denied as to both, and the cause submitted to the jury on common-law and statutory liability. The undisputed evidence shows that Galloway, for a distance of from twenty to forty feet from the railroad tracks, had a clear and unobstructed view of the track in the direction from which the approaching train was coming for over a quarter of a mile; that the whistle was blown a number of times; that he failed to stop, and was struck. The facts bring the case clearly within the rule of Baltimore & Ohio Railroad v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645. The failure of the court to direct a verdict for the defendant on the common-law count was error, and, since we cannot say whether the verdict was based upon common-law or statutory liability of the railroad, it requires reversal of the judgment. Complete disposition of the case, however, necessitates consideration of alleged error in failing to direct a verdict for the defendant under the statutory count of the declaration.

The statutes relied upon are the so-called Statutory Precautions Law, section 1574, Shannon's Code, particularly subsections (1), (2), and (4), and sections 1593 and 1594a1 of the Code. Subsections (1) and (2) of the Statutory Precautions Law have been repealed (Pub. Acts Tenn. 1921, c. 41). Illinois Central R. R. Company v. Davis, 32 F. (2d) 232 (C. C. A. 6); Steele v. L. & N. R. R. Company, 154 Tenn. 208, 285 S. W. 582. Subsection (4) requires every railroad company to keep the engineer, fireman, or some other person upon the locomotive always upon the lookout ahead, and, when any person or other obstruction appears upon the road, the alarm whistle must be sounded, brakes put down, and every possible means employed to stop the train and prevent the accident.

It is undisputed that Galloway had a clear and unobstructed view to the north; that immediately prior to the accident his truck was coming up a 28 per cent. grade at a speed of from six to eight miles per hour; that a long whistle had been blown for the station, a mile away; that later the locomotive blew

John Weld Peck, of Cincinnati, Ohio, and H. M. Carr, of Harriman, Tenn., for appellant.

John Jennings, Jr., of Knoxville, Tenn. (Jennings & Wright, of Knoxville, Tenn., on the brief), for appellee.

Before HICKS, HICKENLOOPER, and SIMONS, Circuit Judges.

SIMONS, Circuit Judge.

Arlo Galloway, appellee's decedent, was killed in collision with appellant's freight train at Sunbright, Tenn., while attempting to drive a Ford truck over the public highway crossing at that place. From a judg-

two short and two long "blows"; that the whistles were heard by all the witnesses who were within' two hundred yards of the crossing; that the train was a heavy freight of forty-seven cars, traveling from forty to forty-five miles per hour; and that its approach was heralded with considerable noise. Nevertheless Galloway's truck moved steadily forward without stopping until it came within the sweep of the train, and was struck. The negligence complained of was failure to blow an alarm whistle when, if at all, his truck became an obstruction on the tracks.

The instant case is ruled by Southern Railway Company v. Lewis, 37 F.(2d) 341 (C. C. A. 6), with the facts of which the facts herein are analogous. The duties of the persons on the engine arise under the statute, except as to the maintenance of the lookout, only when the obstruction appears on the track or within lateral striking distance of the train, and, if there is not time to do everything the statute requires, then the engineer must do those things first which are best calculated to prevent the accident. There is no evidence here that the engineer did less than that. When he saw that Galloway was not going to stop, and it was not until then that he could be considered an "obstruction," Southern R. Co. v. Matthews, 29 F.(2d) 52 (C. C. A. 6), the engineer shut off the throttle and put his brakes in emergency. He did not blow his alarm whistle because there was no time.

▮ Sections 1593 and 1594a1 of Shannon's Code require railroads to furnish good and sufficient crossings over public highways, and to grade to a level with the tracks, and to keep in repair all such road crossings for a distance of ten feet on each side of the track. There is evidence that in removing a spur track the defendant left a hump or knuckle from twelve to fourteen inches in height within thirty inches of the nearest rail in the highway crossing at the place of the accident. The District Judge was of the opinion that no liability would have been created under these sections had this been an ordinary crossing, but submitted the case to the jury on the theory that the driver's attention may have been so necessarily concentrated on the defect in the road that his failure to look and listen might reasonably be considered by the jury as being excused by the railroad's negligence rather than due to his own. It is clear from the evidence, however, that Galloway knew of the approaching train, or should have known of it had he exercised due care, long before he reached the hump, and that he had no intention of stopping. Sections 1593 and 1594a1 are not part of the Statutory Precautions Act, and are not therefore covered by section 1575 of that act, which in effect eliminates contributory negligence as a defense to liability thereunder; and an openly visible condition of the crossing, whether regarded as due to defendant's negligence or not, cannot excuse an attempt to cross directly in front of an approaching train. We think Galloway's contributory negligence precludes recovery under these sections.

The court below also denied the motion for directed verdict seemingly upon another hypothesis. Galloway had never been over the crossing before. If, under ordinary conditions of roadway, and without any knowledge of the defect therein, he had sufficient time to cross, his attempt to do so would not necessarily be negligence on his part, and whether it was or not was a question for the jury. The crossing was not, however, an ordinary crossing. The hump was there. If passing over it, and because of it, the car jolted and caused the motor to stall, leaving him in danger, the cause was the negligence of the railroad and not his. We need not pass upon the soundness of the reasoning because it is not based upon substantial evidence of the stalling of the motor. Nor is there any evidence in the record from which a reasonable inference might have been drawn that the decedent could under ordinary circumstances have crossed safely before the arrival of the train.

The judgment below is reversed, and the cause remanded for new trial.