**LOUISVILLE & N. R. CO.**

v.

**TUCKER et al.**

**No. 11840.**

United States Court of Appeals,
Sixth Circuit.

Aug. 31, 1954.

Clifton & Mack, Memphis, Tenn., for appellant.

Harsh, Pierce, Cochran, Rickey & Carey, Memphis, Tenn., for appellees.

Lucius E. Burch, Jr., Memphis, Tenn., Clyde W. Key, Knoxville, Tenn., Edwin F. Hunt, Nashville, Tenn., R. H. Spragins, Jackson, Tenn., amicus curiae.

Before SIMONS, Chief Judge, and McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

Appellant's petition for rehearing, together with brief of amici curiae, having been considered by the Court;

And the Court being of the opinion that the following quotation in the Court's opinion of March 8, 1954, taken from the opinion in Majestic v. Louisville & N. R. Co., 6 Cir., 147 F.2d 621, 624–625, which in turn was based on Nashville & Chattanooga R. Co. v. Anthony, 69 Tenn. 516, does not properly state the present Tennessee rule as explained in Tennessee cases subsequent to Nashville & Chattanooga R. Co. v. Anthony, supra; see Louisville, N. & G. S. R. Co. v. Reidmond, 79 Tenn. 205, 210–211; Louisville & N. R. Co. v. Frakes & Payne, 11 Tenn.App. 593, 614; Gaines v. Tennessee Central Ry. Co., 175 Tenn. 389, 393, 135 S.W.2d 441; Cincinnati, N. O. & T. P. Ry. Co. v. Galloway, 6 Cir., 59 F.2d 664, 666.

It is ordered that said quotation, reading as follows, be stricken and deleted from the opinion of the Court:

"The duties of those in charge of a train to observe the requirements of the statute are not confined to the very time the accident occurs. They commence when the obstruction 'appears' upon the road and 'the road', in contemplation of the statute, is not merely what is called strictly the roadbed or track, but also includes the public approaches thereto and it is the duty of the lookout to view the whole road within the orbit of his vision. Nashville & Chattanooga R. Co. v. Anthony, 69 Tenn. 516, 520." Majestic v. Louisville & N. R. Co., 6 Cir., 147 F.2d 621, 624–625; Union Traction Co. v. Todd, 16 Tenn. App. 200, 64 S.W.2d 26.

And the Court being of the further opinion that the issue involved in this phase of the case was correctly submitted to the jury under the instructions of the trial judge, which were approved in the opinion of March 8, 1954; Cincinnati, N. O. & T. P. Ry. Co. v. Galloway, supra,

It is ordered that said petition for rehearing be and is denied in all other respects.